# SUPPLEMENT TO THE SARATOGA SENTINEL.

PUBLISHED BY WILBUR & COREY, AT $1.00 PER ANNUM.

Vol. II.]                    AUGUST 2, 1842.                    [No. 8.

## COURT OF CHANCERY.

### DECISIONS OF THE CHANCELLOR,
AUGUST 2, 1842.

*John C. Johnson et al. v. Josiah Everett et al.* G. F. Com-stock, for complainants; C. B. Sedgwick, for defendants.

Motion to dismiss appeal. The question was whether the decree appealed from was final or only an interlocutory decree from which an appeal should have been made within the fifteen days allowed by statute for appealing from interlocutory orders and decrees. The complainants were judgment creditors of Seth W. Burke, and having exhausted their remedy at law hy the return of executions upon their judgments unsatisfied, they filed their bill in this cause to reach the equitable interests and choses in action of the judgment debtor, and to set aside a certain conveyance to the appellants Everett & Kingsley, as fraudulent and void against the complainants. The cause was heard upon pleadings and proofs as to the defendants Burke, Everett & Kingsley. The Vice Chancellor declared and decreed that the conveyance to Everett & Kingsley was fraudulent and void as against the complainants, and that the judgments of the complainants were valid and subsisting liens upon the lands mentioned in such conveyance, except as against bona fide purchasers of portions thereof from the appellants; and that the complainants were entitled, out of such lands, and the proceeds, rents and profits thereof, to be paid the amount due upon their judgments and the costs of the suit in this court. A reference

*[margin note: Decree whether interlocutory or final.]*

8

was therefore directed to a master to report the amount due to the complainants upon their judgments; and to ascertain and report what parts or portions of the said lands had been sold, conveyed, charged, leased or otherwise disposed of subsequent to the conveyance set aside as fraudulent, and to whom; and what sums of money had been received by the appellants or either of them on account of such lands, and what securities had been taken therefor, the amount due on any such securities, and from whom, &c. and to take and state an account of the rents and profits which the appellants had received or might have received on account of such lands. The decree also revived the injunction which had been dissolved upon the coming in of the answers, and directed the appointment of a receiver of the property of Burke, and of the rents and profits of the lands mentioned in the conveyance so declared void, and of all contracts, bonds, mortgages and other securities, things in action, money or effects held, taken or received by the defendants, or either of them, for or on account of the sale, conveyance, transfer, charge, lease or other disposition of any portions of such lands, &c. and requiring Burke and Everett & Kingsley to assign to the receiver such contracts, securities, &c.; and reserving all other questions until the coming in and confirmation of the master's report.

THE CHANCELLOR. Upon a careful examination of the provisions of the decree appealed from, I am satisfied it is an interlocutory decree merely, which the appellants had no right to appeal from after the expiration of fifteen days from the time when a copy of such decree was served upon their solicitor. The Vice Chancellor does indeed decide the question as to the invalidity of the conveyance from the judgment debtor of the complainants to Everett & Kingsley, the appellants; and as a consequence of such invalidity, he declares the lien of the judgments upon the lands which shall remain in the hands of the appellants unconveyed, and that the debts and the costs in this court ought to be paid out of the proceeds of the property thus fraudulently conveyed. But no decree for the payment either of the amount of the judgments or of

the costs of the suit is made ; neither is the receiver directed to pay either debt or costs out of the proceeds of the property which are to be transferred to him under the decree. The case therefore cannot be distinguished from that of *Kane v. Whittick,* (8 *Wend. Rep.* 216,) where the court for the correction of errors held a decree of the Chancellor declaring the rights of the parties merely, and directing an account in conformity therewith, but reserving the consequential directions and the question of costs until the coming in of the report, to be a mere interlocutory decree ; which must be appealed from within fifteen days, or that the right to appeal from the same was gone. A decree never can be said to be final, where it is impossible for the party in whose favor the decision is made ever to obtain any benefit therefrom without again setting the cause down for hearing before the court upon the equity reserved ; upon the coming in and confirmation of the report of the master, to whom it is referred to ascertain certain facts which are absolutely necessary to be ascertained before the case is finally disposed of by the court, or which the Chancellor thinks proper to have ascertained before he grants any relief whatever to the complainant. But if the decree not only settles the rights of the parties, but also gives all the consequential directions which will be necessary to a final disposition of the cause upon the mere confirmation of the report of a master by a common order in the register's office, it is a final decree, and may be enrolled at the expiration of thirty days; although the amount to which the complainant may be entitled under such a decree is still to be ascertained on a reference to a master for that purpose. Thus, in the ordinary case of a bill for the foreclosure of a mortgage, if the decree merely decides or declares the rights of the complainant by virtue of his bond and mortgage, and refers it to a master to compute and ascertain the amount due to him, reserving all further questions and directions until the coming in and confirmation of the master's report, it is an interlocutory decree merely ; as the complainant cannot obtain ¡the benefit of his suit until he brings the cause on to be heard again upon the equity reserved

and for further directions, as to a sale of the mortgaged premises and the payment of his debt and costs out of the proceeds of such sale. But if the decree, in addition to the reference to the master to compute the amount due upon the bond and mortgage, proceeds further and gives the usual directions in such cases, that upon the coming in and confirmation of the report of the master, the premises shall be sold and that the master who makes such sale shall pay the amount so reported due together with the interest and costs out of the proceeds of such sale, and directing the mortgagor to pay the deficiency reported due upon such sale, the decree is final; although the mortgagor may have the right to except to the master's report of the amount due. For the questions arising upon the exceptions to the master's report in such a case are merely incidental to the carrying of the final decree in the cause into full effect.

The appeal in the present case not having been brought within the time limited by the statute for appealing from a mere interlocutory decree, must be dismissed with the usual costs of fifteen dollars allowed by the rule as the costs upon a special motion.