### DICKENSON and wife *vs.* CODWISE and others.

Where a decree made a final disposition of a part of the subject matter of litigation, and reserved no question of costs in relation thereto, and directed a reference as to another part of the subject matter of the suit, with a view to a decree for a partition; *Held* that the decree was final, as to that part of the matters in litigation of which a final disposition had been so made; and that an appeal might be brought from that part of the decree after the expiration of the fifteen days allowed by law for appealing from an interlocutory decree.

*Held also,* that if the question of costs in relation to the part of the matters in litigation which was finally disposed of by the decree had been reserved, the whole of the decree would have been interlocutory.

Where a decree disposes absolutely of the whole subject matter of the litigation, and leaves nothing further to be done by the court in relation thereto, it is a final decree. And a mere direction in the decree as to the manner of carrying such decree into effect, but which does not require the case to be again brought before the court for further directions, will not make the decree interlocutory.

But a reservation of the question of costs, in a decree which in other respects disposes of the subject matter of the suit, renders such decree interlocutory.

THIS was an application by the defendant, Mary Codwise, for the dismissal of an appeal, by the complainants, from certain parts of the decree of the assistant vice chancellor, in this case, upon the ground that the appeal was not brought within the time, allowed by law, for appealing from interlocutory decrees of vice chancellors. The bill was filed by one of the daughters and devisees of G. Codwise, deceased, and by her husband, against the widow of the decedent, and his other devisees, for the partition of several parcels of land in the city of New-York, and for an account of the rents and profits of the premises; and also for an account of the personal estate of the decedent, which had come to the hands of the widow, as his executrix. M. Codwise, the widow and executrix, claimed the legal title to certain portions of the premises, in fee, in her own right; and as to some other parts of the lands she claimed an absolute right to them in equity. Upon hearing the cause, upon pleadings and proofs, the assistant vice chancellor decided and decreed that several distinct portions of the premises belonged to the decedent at the time of his death, and determined the undivided rights of the several parties therein, as

tenants in common; and directed a reference to inquire as to incumbrances thereon, with a view to a sale or partition.  As to another parcel of the premises, of which partition was sought, he decided and decreed, that the widow was seized thereof in fee, in her own right, of an absolute legal title, for her own use, and that none of the other parties to the suit had any title or interest therein; and as to another parcel, that she was equitably seized of an estate in fee in her own right.   And he directed the other parties,to release to her all their interests in that part of the premises, under the direction of a master.   He also directed a reference to a master to inquire as to certain liens upon the several other parcels of land of which partition was sought, and to apportion the same, upon certain principles stated in the decree.   He also directed an account to be taken of the rents and profits which had arisen from the real estate which actually belonged to the decedent, and an account of the personal estate; giving special directions as to the manner of taking such accounts, &c.   The decree also contained various directions and declarations as to the rights of the widow in that part of the estate of which her husband was absolutely seized at the time of his death, subject to her right of dower, and as to the portions of the incumbrances with which she was chargeable in respect to her life estate therein as tenant in dower, and as one of the statutory heirs of some of her children, who had died without issue.   And the decree reserved the right to apply, from time to time, for further directions and instructions in relation to taking and stating the accounts, and reserved all further or other directions respecting the partition and sale of the premises, or otherwise relating to the matters in controversy in this suit, until the coming in of the master's report.

The complainants appealed from so much of the decree as settled and declared that the defendant, M. Codwise, was solely entitled to two parcels of the premises of which partition was sought, and as directed the other parties to release those two parcels, to her under the direction of a master; and from several of the directions, in the decree, in relation to the taking of the account, and declaring what portions of the debts and incumbrances, owing by the decedent at the time of his death, were

Dickenson *v.* Codwise.

charges upon the real estate of which he died seized, in his own right, and for his own benefit.

*S. F. Clarkson,* for the appellant.

*E. H. Owen,* for the respondent.

THE CHANCELLOR.   Some parts of the decree appealed from, and embraced in this appeal, are clearly interlocutory; and as the appeal was not entered within the time allowed by law, for appealing from an interlocutory decree, a part of the appeal at least must be dismissed.   Two questions, therefore, require to be considered:  *First,* whether that part of the decree which declares and settles that the respondent is entitled, in her own right, to two parcels of the land of which the complainants sought partition, by their bill, and which two parcels the other parties in the suit are directed to release to her, under the directions of a master, is a final decree as to that part of the lands of which the partition was sought;  and, *Secondly,* if that part of the decree is final and not interlocutory, whether the appeal can be dismissed so far as it seeks to review the assistant vice chancellor's decision in respect to the interlocutory parts of the decree, and retained as to that part of the subject matter of the suit as to which the decree is final.

Upon the first question, I see no reason to doubt that so much of the decree as relates to the two parcels of land declared to belong to M. Codwise in her own right, is a final decree; as it absolutely disposes of that part of the subject matter of the litigation, and leaves nothing further to be done by the court in relation thereto.   It is true, the other parties are directed to release to the respondent, under the direction of the master.   But that is merely the manner of carrying into effect the final decree, in respect to that part of the subject matter of the suit, and does not require the case to be brought again before the court.   And as no reservation of the question of costs, as to this part of the litigation, is contained in the decree, and nothing is said on the subject, neither party can hereafter claim costs, as against the

other, in relation to this part of the suit. If the question of costs had been reserved, in reference to this part of the subject of the suit, every portion of the decree would have been interlocutory, within the meaning of the statutory provision, which requires appeals from interlocutory decrees to be brought within fifteen days. But as the decree stands, it is the same, in effect, as if it had decreed that the complainant's bill should be dismissed, as to these two parcels of land, without costs to either party; and had declared the rights of the parties as tenants in common in the residue of the premises, subject to the lien thereon of the amount which may be found due to the widow of the decedent for incumbrances thereon paid by her, and which has not already been reimbursed to her out of the rents and profits of the premises, or otherwise, and had directed the inquiries mentioned in the decree, preparatory to a final hearing and decree of partition, &c.

In reference to the second question, I see no difficulty in directing the appeal to be dismissed, so far as it was unauthorized because it was not made in time. The appeal would have been correctly made if it had been limited to that part of the decree which finally disposed of the claim to a partition of the two parcels of land which were decided to belong absolutely to the respondent. And if the residue of the appeal is dismissed, as unauthorized and irregular, and this part thereof is retained, it will be in the same situation as if the appeal had been thus limited when it was first entered. An order must therefore be entered accordingly; and without costs to either party on this application, in which the respondent succeeds but partially.