Albert H. McAuslan *et al., vs.* George R. McAuslan *et al.*

JULY 6, 1912.

Present: Johnson, Parkhurst and Sweetland, JJ.

*(1) Error and Appeal. Appeals in Equity. Final Decrees.*
A final decree in equity is not necessarily the last order in the case.

A decree to be final must terminate the litigation of the parties on the merits of the case, so that if there should be an affirmance on appeal, the court below would have nothing to do but to execute the decree it had already rendered.

There is an exception to this rule, where to enforce it would result in possible hardship and injury, and in such cases decrees strictly interlocutory are held to possess such an element of finality as to bring them within the terms of the statute.

(2)   *Appeal and Error.   Appeals in Equity.   From Interlocutory Decrees.*

Besides the appeals from interlocutory decrees provided for by statute, cases may occur of decrees in a strict sense interlocutory, which by reason of their possible injurious consequences require an immediate review, and must be held for this reason to have such elements of finality as to permit an immediate appeal.

(3)   *Error and Appeal.   Appeals in Equity.   From Interlocutory Decrees.
                               · Several Defendants.*

Another class of decrees offers a modification of the general rule.   Of this class is a decree made as to one of several defendants whose interests are not at all connected with each other, with a direction for the payment of costs as to that defendant.   Such decree is final as to him, although the cause may be still pending in the court as to the rest.

(4)   *Error and Appeal.   Appeals in Equity.   Final Decrees.   Accounting.*

Upon a bill in equity seeking the removal of a trustee and an accounting, which is sent to a master to take the account and to report upon the removal of the trustee, the decree of the Superior Court confirming the master's report is not the final decree in the cause, as more is required to give the complainant the relief desired.

(5)   *Error and Appeal.   Appeals in Equity.   Final Decrees.*

A final decree in an equity cause is the decree which finally determines the rights of the parties, provides for the relief which the court finds to be necessary, and at most merely requires one or more orders or supplemental decrees for its enforcement.

An appeal from a final decree in equity brings up for review all matters contained in such decree and all previous rulings, orders or decrees made or entered in the cause previous to the entry of such decree; unless such decree or such previous rulings, orders or decrees from the circumstances or the manner in which they have been made or entered, are not reviewable, and said decree or such previous rulings, orders or decrees are not reviewable unless it is specifically stated in the reasons of appeal that objection is made to such decree or previous rulings, orders or decrees.

(6)   *Error and Appeal.   Appeals in Equity.   Supplemental Decree.*

A supplemental decree or order for the execution of the final decree, as above defined, is also so far a final decree as to support an appeal, but an appeal from such supplemental decree will bring up for review only such matters

as are involved in the decree itself or matters arising subsequent to the entry of the final decree, but it cannot bring up any alleged error in the final decree itself or any matters arising in the cause previous to the entry of the final decree, and only the alleged errors stated in the reasons of appeal.

(7) *Error and Appeal. Appeals in Equity. Trusts. Removal of Trustee. Accounting.*

Upon a bill in equity seeking the removal of a trustee and an accounting, where it was clear upon the pleadings that complainants were entitled to the account, and there were no issues raised by the pleadings which required determination before a reference to a master, the court properly referred the cause to a master after bill, answer and replication filed, and the question of the removal of the trustee was involved in the question of the nature and propriety of his dealings with the trust estate and the master was properly directed to report his conclusions upon the question of removal.

(8) *Error and Appeal. Appeals in Equity. Accounting. Trusts. Framing of Issues.*

Where a cause is referred to a master to state an account and to report upon the removal of a trustee, the decree of reference being entered after notice and hearing and the scope of the reference being particularly defined in the decree, there is no force in the objection that such reference preceded the framing of issues.

(9) *Error and Appeal. Appeals in Equity. Trusts. Accounting. Masters. Delegation of Authority of Court.*

Where upon a bill in equity seeking the removal of trustee and an accounting the cause is referred to a master under Gen. Laws, 1909, cap. 289, § 17, to hear testimony and report it and his findings to the court, there is no delegation to the master of the court's power of decision in the cause.

(10) *Error and Appeal. Appeals in Equity. Masters. Due Process of Law. Trusts.*

Upon a bill in equity seeking the removal of a trustee and an accounting, the reference of the cause to a master under Gen. Laws, 1909, cap. 289, § 17, to hear testimony and report it and his findings to the court, is not obnoxious to the fourteenth amendment to Cons. U. S., as not having been in accordance with "due process of law."

(11) *Error and Appeal. Appeals in Equity. Report of Master. Objections to Report. Exceptions.*

As under the practice in equity exceptions cannot be taken to the report of a master, where no objections were taken to such report before the master, under the statute the findings of the master became conclusive on the parties, and an appeal from the decree entered in the cause does not have the effect of opening that matter before the appellate court.

(12) *Appeals from Report of Master.*

If the Superior Court should not have reversed the findings of a master in the absence of exceptions to his report, the Supreme Court, upon appeal, will not consider the propriety of his findings nor reverse nor modify them.

Bill in Equity. Heard on appeal of a respondent, and dismissed.

Sweetland, J. This is an equity appeal. The bill is brought by certain *cestuis que trust*, beneficiaries under the trusts contained in the will of John McAuslan, and the assignee of certain interests in said estate, against the trustees named in said will and the assignee under the mortgage of the interest of certain other beneficiaries. The bill asks for the removal of George R. McAuslan, one of said trustees; that an account be taken of the trust property and the application thereof by said trustees; and for a decree ordering said trustees to pay to said trust estate what shall appear to be due from them on such account. The bill alleges among other things; that said George R. McAuslan has assumed the active management of said trusts and practically has been the sole trustee; that said trusts have been mismanaged; that said George R. McAuslan is incompetent to perform the duties of trustee; that by reason of certain investments of the trust estate made by the trustees, as specified in the bill, the trust estate has lost large sums of money; that the trustees have failed to keep proper accounts, do not act in harmony, have become personally indebted to the trust estate in large amounts, and have been adjudged in contempt of court for failure to make payments of money from the trust estate in accordance with the decree of the Superior Court.

Of these respondents, other than the said trustees, one joins in the prayer of the bill, another has permitted the bill to be taken as confessed against him and the others, as minors, have submitted their interests to the care of the court. The respondent trustee, Amelia B. McAuslan, in her answer admits all the essential allegations of the bill and joins in the prayer for a receiver. The other respondent trustee, George R. McAuslan, in his answer, among other things, admits that the trustees have made losses in the management of the trust estate, but sets out facts which he

claims excuse him from blame. After replication filed, on motion of the complainants and after notice to the respondents and hearing, the Superior Court by decree entered April 2, 1910, referred the cause to a master "to examine and state the accounts of the executors and trustees with the estate of the said John McAuslan and report to the court" a number of particulars regarding the amount of the estate at the death of John McAuslan, the dealings of the trustees with the principal of the estate, the amount of the income received from the estate and the disposition of said income by the trustees. The master by this degree was also directed to report to the court whether George R. McAuslan should or should not be removed as trustee of said estate. After a number of hearings before the master, of which all the parties received due notice, the master prepared a draft of his report and all the parties were notified by the master that said draft report was on file in his office for the inspection of the parties and their solicitors, and that at a certain day and hour named he would hear objections to said report. No objections were made by any of the parties and the master filed his report unsealed in the Superior Court. On motion, of which the parties had due notice, the Superior Court by decree entered on March 4, 1911, confirmed said report. By said report it appears that the master has taken testimony as to all the questions referred to him and has endeavored by his consideration of such testimony and his conclusions thereon, to give to the court the assistance which it had required. Thereafter the Superior Court by decree entered April 15, 1911, removed said George R. McAuslan from being trustee as aforesaid; fixed the amount due from said trustees to said trust estate; ordered the said trustees to pay the sum so found to be due to the receiver of said trust estate; made said sum so found to be due a lien on the interests of said trustees in the trust estate; and provided that if said sum so found to be due was not paid to said receiver within thirty days thereafter the interests of the said trustees in the trust estate should be liable to be applied toward making

good to the trust estate said sum or such part thereof as might then remain unpaid.

From this decree the said George R. McAuslan has appealed. At the outset of the consideration of this appeal we are met by the objection of one of the respondents, whose interest in the present matter is similar to that of the complainants, that the reasons of appeal stated by the respondent, George R. McAuslan, cannot be considered as they are objections to acts of the Superior Court preceding the decree confirming the master's report; that the decree of April 15, 1911, from which this appeal is taken is merely auxiliary to the decree confirming the master's report, which is the final decree; that an appeal from the decree of April 15, 1911, can bring in question before this court only the proceeding in the Superior Court subsequent to the decree confirming the master's report, and cannot interfere with that decree; that the respondent, George R. McAuslan, could have raised the objections stated in his reasons of appeal only upon an appeal from the decree confirming the master's report.

This brings before us the question of what is the final decree in equity causes intended by our statute as the appealable decree in a cause. Previous to the passage of the Court and Practice Act, equity appeals were unknown in our practice, since the period from 1867 to 1871, when appeals to the full court were permitted from both the final and interlocutory decrees made by a single justice of the Supreme Court.

Under our present statute an appeal may be taken from the final decree of the Superior Court in an equity cause, and from the final decree alone, with these exceptions: an appeal may be taken from an interlocutory decree granting or continuing an injunction, appointing a receiver or ordering a sale of real or personal property. *Hemenway* v. *Hemenway*, 28 R. I. 85.

What constitutes a final decree is a question not easily determined in every case. The decisions of the courts are far from uniform upon the subject. As was said by the

court in *McGourkey* v. *Toledo & Ohio Ry.*, 146 U. S. 536: "Probably no question of equity practice has been the subject of more frequent decision in this court than the finality of decrees." The statutes of some of the states provide for an appeal from both final and interlocutory decrees and the question before the courts in some reported cases has been whether a certain decree was an appealable one, not whether it was interlocutory or final. By the terms of the statutes of some states an appeal will lie in chancery from any decree or order "adjudicating the principles of the cause." In some jurisdictions where the statutes permit appeals from final decrees alone, decrees which were strictly and technically interlocutory have been held to be final when irreparable injury might result to a party if he was compelled to await the final outcome of the cause in the lower court before he could obtain a review in the appellate tribunal. For these and other reasons, there is much confusion in the reports as to what constitutes a final decree for the purpose of appeal. Our statute regarding the appealability of decrees in equity is similar to the United States statute. It is in the federal courts that we find the subject, now under consideration, most frequently treated and the practice most consistent and reasonable.

We have frequently said in regard to the removal of cases at law to this court for review that the intent of the statute is that exceptions in such cases shall not be certified to this court until after all matters arising in the cause in the Superior Court have been determined. We see in the statute the same general intent with regard to appeals in equity so far as the distinctive character of equity procedure (1) makes such practice reasonable and expedient. From the nature of proceedings in equity it must be held that the final decree is not necessarily the last order in the case. On the other hand a decree should not be considered final, although it purports to declare the rights of the parties and to regulate all "actions that may be expected to be taken in the future disposition of the case" such decrees "have no efficacy

until put into the form of a judgment that is capable of being carried into execution." *Patterson* v. *Hopkins*, 23 Mich. 541.

A decree which directed a trustee to sell mortgaged property as the court might afterwards direct and referred the cause to a master to report the prior liens was held not to be a final decree because it was not determined what the order of sale should contain nor what should be the form of advertisement therefor. *Parsons* v. *Robinson*, 122 U. S. 112.

With the modification which we shall consider later, we adopt as a reasonable definition of a final decree in equity, under our statute, the one approved in *Grant* v. *Phoenix Ins. Co.*, 106 U. S. 429: "The rule is well settled that a decree to be final, within the meaning of that term as used in the acts of Congress giving this court jurisdiction on appeal, must terminate the litigation of the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the decree it had already rendered." See, also, *Dainese* v. *Kendall*, 119 U. S. 53; *Bostwick* v. *Brinkerhoff*, 106 U. S. 3, and cases therein cited. In its essential particulars this general rule has been followed by the courts of a number of the states: "A final decree is one which determines and disposes of the whole merits of the cause before the court or a branch of the cause which is separate and distinct from the other parts of the case, reserving no further questions or directions for future determination; so that it will not be necessary to bring the cause or that separate branch of the cause again before the court for further decision." *Teaff* v. *Hewitt*, 1 Ohio St. 511. "According to the uniform decisions of this court, a decree which disposes of the whole subject gives all the relief that is contemplated, and leaves nothing to be done by the court, is only to be regarded as final." *Ryan's Adm'r.* v. *McLeod*, 32 Gratt. 367. "Where the further action of the court in the cause is necessary to give completely the relief contemplated by the court, there the decree upon which the question arises is to be regarded not

as final, but interlocutory." *Rawlings' Ex'r* v. *Rawlings*, 75 Va. 76. "A decree never can be said to be final where it is impossible for the party in whose favor the decision is made ever to obtain any benefit therefrom without again setting the cause down for hearing before the court, upon the equity reserved, upon the coming in and confirmation of the report of the master." *Johnson* v. *Everett*, 9 Paige 636. "A decree is final which provides for all the contingencies which may arise and leaves no necessity for any further order of the court to give all the parties the entire benefit of the decision." *Gerrish* v. *Black*, 109 Mass. 474.

The strict observance of this general rule would in some instances result in such possible hardship and injury that appellate courts in such case have taken cognizance of appeals from decrees, which were technically interlocutory in their character, before the merits of the cause had been determined in the court below. These cases must be considered as representing a modification of the ordinary rule. As was said by the court in *Dufour* v. *Lang*, 54 Fed. 913: "In the progress of an equity cause, orders and decrees may be made which so affect the parties or the property involved in the suit as to require that such order or decree, to be reviewed at all by an appellate court with effect, should be appealed promptly, and not await the full disposition of the whole suit; and whenever this is the case the decree is held to possess such an element of finality as to bring it within the terms of the statute limiting the right to appeal only from final decrees."

In *Forgay* v. *Conrad*, 6 How. 201, which is one of this class of cases, the court treats of the necessity for this modification of the ordinary rule as follows: "In this respect the practice of the United States chancery courts differs from the English practice. For appeals to the House of Lords may be taken from an interlocutory order of the chancellor, which decides a right of property in dispute; and therefore there is no irreparable injury to the party by ordering his deed to be cancelled, or the property he holds to be

delivered up, because he may immediately appeal; and the execution of the order is suspended until the decision of the appellate court.   But the case is otherwise in the courts of the United States, where the right to appeal is by law limited to final decrees.   And if, by an interlocutory order or decree, he is required to deliver up property which he claims, or to pay money which he denies to be due, and the order immediately carried into execution by the Circuit Court, his right of appeal is of very little value to him, and he may be ruined before he is permitted to avail himself of the right. "   This case of *Forgay* v. *Conrad* was an appeal from a decree of the Circuit Court adjudging that certain deeds should be set aside as fraudulent and void; ordering that certain lands and slaves should be delivered up to the complainant, that one of the defendants should pay a certain sum of money to the complainant; and that the complainant should have execution for these several matters, although the bill was retained in court for other purposes.   The Supreme Court in holding that this decree authorized an appeal, said:   "If these appellants, therefore, must wait until the accounts are reported by the master and confirmed by the court, they will be subjected to irreparable injury.   For the lands and slaves which they claim will be taken out of their possession and sold, and the proceeds distributed among the creditors of the bankrupt before they can have an opportunity of being heard in this court in defence of their rights."

This case and others of like character are frequently cited as authorities for the extension of the ordinary rule in regard to appealable final decrees in equity.   The case has been regarded by the United States Supreme Court, itself, as an exception to that rule.   In *Barnard* v. *Gibson*, 7 How. 650, it was held that *Forgay* v. *Conrad*, 6 How. 201, is supposed to be a departure from the uniform course of decision in the United States Supreme Court.   In commenting on *Forgay* v. *Conrad*, the court held, in *Craighead* v. *Wilson*, 18 How. 199, that although it was stated that the part of the decree above recited was final the principal

ground on which the appeal was sustained was the peculiar circumstances of the case.

In certain cases our statute has guarded against the possibility of injury arising from restricting appeals in all instances to final decrees, in the technical sense, by providing for appeals from interlocutory decrees granting or continuing injunctions, appointing receivers or ordering a sale of property. Besides those provided for in the statute other instances may present themselves of decrees, in a strict (2) sense interlocutory, which by reason of their possible injurious consequences require an immediate review and must be held for this reason to have such elements of finality as to permit an immediate appeal.

There is another class of decrees which is to a certain extent a modification of the general rule. Of this class is a decree made as to one of several defendants, whose interests (3) are not at all connected with each other, with a direction for the payment of costs as to that defendant. Such decree is final as to him, although the cause may be still pending in the court, as to the rest. *Royall's Administrator* v. *Johnson,* I Rand. 421; *Dickenson* v. *Codwise,* 11 Paige, 189.

Of this nature was the decree considered in *Doty* v. *Oriental Print Works Company,* 28 R. I. 372. In that case the court heard and determined an appeal from the decree denying and dismissing the petition of one Tenney for leave to intervene in the above entitled equity cause as a preferred creditor of the respondent.

It cannot be claimed in the case at bar that the decree confirming the master's report is within either of the exceptions to the general rule which we have discussed, and that for such reason it should be considered as a final decree, from which an appeal could and should have been claimed, if the respondent, George R. McAuslan, wished to raise the objections stated in his reasons of appeal. Under the general rule which we have adopted, the decree confirming the master's report is not the final decree in the cause. More was required to give the complainants the relief which they

desired in the cause and which the Superior Court intended to grant, than the entry of a mere auxiliary decree or a decretal order in execution of the decree confirming the master's report.

The final decree in an equity cause is the decree which finally determines the rights of the parties, provides for the relief which the court finds to be necessary that the parties may have the full benefit of the court's determination upon the merits, and at most merely requires one or more orders or supplemental decrees for its enforcement. The modifications which we have considered have been permitted to prevent the consummation of injury beyond redress during the progress of the cause, or because there has been a final determination of the cause as to one or more, but not as to all the parties. These modifications have been permitted for the protection of the party aggrieved by the decree, and for that reason alone. They should be considered as exceptions to the general rule and if so considered they will cause no confusion in practice. For the court at times to recognize further variations, suggested in the ingenious and sometimes persuasive arguments of counsel based upon other considerations as to the finality of particular decrees, would be to throw our practice with regard to appeals in equity back into confusion, to place solicitors in uncertainty and in some instances to cause injury to litigants. For if a party aggrieved by a decree may appeal, we think the weight of authority and regularity of procedure would require that he must appeal or lose his right to have the objectionable decree reviewed by this court. We have spoken of the uncertainty which sometimes exists in the reported cases as to whether the particular decrees under consideration have been interlocutory or final. If the rules which we have adopted as to appealable decrees are not strictly observed upon the entry of every decree with regard to the finality of which there may be question, the solicitor of the aggrieved party will be confronted with the uncertainty, as to whether he should delay the progress of the cause and commence the prosecu-

tion of an expensive and perhaps ineffective appeal, or should risk his client's right ever to object to the decree. An appeal from a final decree in equity, as we have defined it, brings before this court for review all matters contained in such decree and all previous rulings, orders or decrees made or entered in the cause previous to the entry of such decree; unless such decree or such previous rulings, orders or decrees, from the circumstances or the manner in which they have been made or entered, are not reviewable, as a decree entered by consent, a decree confirming a master's report to which no exception has been taken, and others; and said decree or such previous rulings, orders or decrees, are not reviewable unless it is specifically stated in the reasons of appeal that objection is made to such decree or previous rulings, orders or decrees.

(6) A supplemental decree or order for the execution of the final decree, as we have defined it, is also so far a final order or decree as to support an appeal; but an appeal from such order or supplemental decree will bring before the court for review only such matters as are involved in the order or decree itself, or matters arising subsequent to the entry of the final decree; but it cannot bring before the court any alleged error contained in the final decree itself or any matters arising in the cause previous to the entry of the final decree; and as is true of all appeals in equity it only brings up for review the alleged errors which are stated in the reasons of appeal.

Cases may be found in which this court has passed upon appeals from decrees which were not final under the rule which we have adopted. They were cases in which either the question was not raised or for other reasons, which it is unnecessary at this time to consider, it was thought advisable to permit an immediate review of the particular decree in question. We adopt the foregoing conclusions, however, as rules applicable to all cases and believe that they will provide a settled and uniform practice in equity appeals.

The appellant states in his reasons of appeal and urges before us that the decree of April 2, 1910, referring the cause to the master to examine and state the accounts of the trustees and report to the court, was improperly and improvidently entered, because the court sent the cause to a master before determining the issues raised by the pleadings and before issues were framed; because the court by such reference delegated to the master its function of determining the merits of the cause; and because the reference was unconstitutional and void as a delegation of judicial power. The appellant also urges that the proceedings following the reference to the master have not been in accordance with "due process of law" guaranteed under the Fourteenth Amendment of the Constitution of the United States.

We are of the opinion that these objections to the action of the Superior Court are without merit. The appellant in his answer admits sufficient of the allegations of the bill to warrant the court in making the reference after bill, answer and replication filed. It was clear upon the pleadings that the complainants were entitled to have an account taken. The question of the removal of the appellant as trustee was involved in the question of the nature and the propriety of the dealings of the appellant with the trust estate. The Superior Court with perfect propriety, under our statutes and the settled practice of equity courts, directed the master, who was to take the account, to report to the court his conclusions upon the question of removal. There were no issues raised by the pleadings which required determination before the court should seek the assistance of the master upon the matters involved in this reference. Nor is there force in the objection that the reference preceded the framing of issues. The decree of reference was entered after notice and hearing and in it the scope of the reference was particularly defined. Section 17, Chapter 289, General Laws, 1909, provides as follows: "The court may, on motion of any party, hear any cause or proceeding in whole or in part on oral testimony, or it may send the pleadings

and any issues therein (to be heard on oral testimony) to a master who, under the direction or rules, general or special, of the court, shall hear and report to the court the evidence and his rulings in such suit or proceeding and his findings on such evidence; and if such rulings or findings be not specifically excepted to within thirty days after the opening of said report (of which opening the clerk of said court shall at once notify in writing all parties or their attorneys of record), they shall be conclusive on all parties, except that for cause shown the time may be extended on motion filed within said thirty days." It cannot properly be said that by the reference the determination of the merits of the cause was delegated to the master. A court of equity cannot abdicate its functions, but our statute and the established practice in chancery permit the court to refer to a master such matters as were contained in this decree of reference, not for his determination, but that he may hear the testimony and report it and his findings thereon to the court. The master's report may be objected to and be the subject of exception from all parties. It is only after such exceptions as may be taken have been heard and passed upon by the court that the court can avail itself of the information contained in the report. There was no delegation to the master of the court's power of decision in the cause.

No constitutional question under the Fourteenth Amendment of the Federal Constitution is raised by this reference. It was made in accordance with the practice in equity long established in England and the United States. This court has said in *Carr v. Brown*, 20 R. I. 215: "The words 'due process of law' mean a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the protection and enforcement of private rights."

The appellant also states in his reasons of appeal that the decree of April 15th from which the appeal was taken is against the evidence and the weight thereof. In support of

this the appellant urges that the master's findings were unjust under all the circumstances of the case. It is to be observed that this appellant presented no testimony before the master and gave him no assistance in stating the account between the trustees and the trust estate. The appellant made no objection to the draft of the master's report, submitted to the parties in accordance with the equity rules of the Superior Court; which rules have been approved by this court. Upon the filing of the report in the Superior Court the appellant did not specifically except to the findings of the master, nor unless based upon objections made before the master would such exceptions have been considered if the appellant had attempted to file them. This court has said in *Teoli* v. *Nardolillo*, 23 R. I. 87: "Under the well-settled practice of this court, as well as the very uniform practice of equity courts generally, the rule is very strictly adhered to of not permitting exceptions to be filed when there have been no previous objections taken." Therefore under the statute the master's findings upon the state of the account between the trustees and the trust estate became conclusive on the parties. This appeal does not have the effect of again opening that matter before this court. In accordance with a well recognized principle of appellate procedure, if the Superior Court should not have reversed the findings of the master in the absence of exceptions to his report, this court upon appeal will not consider the propriety of the master's findings and will not reverse or modify them.

"But if the situation of the cause was such at the final hearing, that the court below could not, upon the papers then before it and according to the settled course of proceeding, go back for the purpose of looking into the matter of the alleged error in a previous order or decree, it would be a violation of all principle for the appellate court to reverse the final decree, because the court below at the time of making such decree had not done what it had then no power to do. In other words, the final decree cannot be erroneous, so as to justify a reversal of it, upon an appeal from that decree alone,

if at the time it was made the court below had no legal right to make any other, consistently with the justice and equity of the case as then presented for consideration and decision." *Bank of Orange County* v. *Fink,* 7 Paige, 87.

The appellant also states as one of his reasons of appeal "that said decree is erroneous in that it peremptorily, at the end of thirty days, makes disposition of this respondent's vested and contingent interests in said trust, irrespective of the outcome of any appeal from said decree which this respondent may take." There is no merit in this objection to the decree. The decree was not framed in contemplation of an appeal, but was the final decree which provided for relief. Further, the statute provides that upon compliance with the requirements, therein specified, as to claiming an appeal, all proceedings under the decree appealed from shall be stayed.

The appeal is dismissed. The decree of the Superior Court appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings in accordance with the decree.

*Dexter B. Potter, James C. Collins, W. Arthur Countryman, Jr., Everett L. Walling,* for complainants.

*Bassett & Raymond (Russell W. Richmond,* of counsel), for respondent, George R. McAuslan.

*Eliot G. Parkhurst, Eugene A. Kingman, Edwards & Angell,* for respondent, Edward P. Jastram.