CARL H. KAISER *et al. vs.* JOHANNA BURGER.

JANUARY 12, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a proceeding under general laws 1938, chapter 596, for the appointment of a receiver of the rents and profits of certain real estate which was owned by the petitioners and the respondent as tenants in common. In the superior court, after a hearing on the merits, a decree was entered, granting all the relief prayed for in the petition and appointing a receiver for the rents and profits of the property in question. Within thirty days thereafter the respondent filed her notice and reasons of appeal from that decree and the cause is before us upon the motion of the petitioners to dismiss the respondent's appeal.

The petitioners contend that the proceeding under the statute is one of law and that no method of review is provided in the statute; that such a review, if possible, cannot be by appeal unless the cause may be considered as one following the course of equity; and that if this be so, the decree is not a final decree but merely interlocutory. The respondent, on the other hand, contends that the cause is one which plainly follows the course of equity and, therefore, is reviewable by appeal; and further that the decree is final and not interlocutory and therefore is appealable within thirty days from its entry, in accordance with the provisions of G. L. 1938, chap. 541, § 1.

We are of the opinion that the proceeding, although a petition under the statute, may be classified at least as

one following the course of equity. The statute provides a specific relief that was not available by proceeding at common law. Its object or purpose, namely, the appointment of a receiver of rents and profits, is a form of relief usually associated with a proceeding in equity. The medium of granting or denying that relief under this statute is by entry of a decree, and such practice conforms more to ordinary proceedings in equity than to those in law.

Investigation further discloses a long established practice in the court having original equity jurisdiction to treat such petitions as equity causes are treated. In the absence of any statutory provision to the contrary, we think that the purpose of chap. 596, and the medium of effectuating the court's determination of proceedings thereunder, and the established practice relating thereto justify our classification of the instant cause, at least as a proceeding following the course of equity.

That being so, it comes within the provisions of G. L. 1938, chap. 541, § 1, so far as a review of the decree is concerned. The pertinent part of that section reads as follows: "Any party aggrieved by a final decree of the superior court in any cause in equity, *or proceeding following the course of equity,* may, within 30 days after the entry thereof . . . appeal to the supreme court." (italics ours)

But the petitioners further contend that the decree in question is not final and therefore is not appealable. We cannot agree with this contention, since the decree was entered after a hearing on the merits and terminates the litigation, by granting all of the relief prayed for in the petition and all that is possible of attainment by a proceeding under chap. 596. Apparently no further report is required by the statute and, if the decree is affirmed, nothing is left to be done but to execute the decree already

entered. In our opinion, the decree meets the test of a final decree as set out in many cases following *McAuslan* v. *McAuslan,* 34 R. I. 462.

For the reasons stated, the motion of the petitioners to dismiss the respondent's appeal is denied.

*Forrest B. Morgan,* for complainants.

*Charles R. Easton, Ralph Rotondo,* for respondent.