July 3, 2024

**Supreme Court**

No. 2023-47-Appeal.
(K 20-3199)

Shelley Carpenter :

v. :

Norman Carpenter. :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Shelley Carpenter      :

v.      :

Norman Carpenter.      :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Long, for the Court.** The defendant, Norman Carpenter (defendant or Mr. Carpenter), appeals from an interlocutory order of the Family Court that authorized a court-appointed commissioner to sell portions of marital property that he owned with his wife, the plaintiff Shelley Carpenter (plaintiff or Mrs. Carpenter). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Family Court.

## Facts and Procedural History

This interlocutory appeal arises out of the parties' divorce proceedings in Family Court, which commenced on August 6, 2020, when Mrs. Carpenter filed a complaint for divorce from defendant. A justice of the Family Court subsequently appointed a commissioner and by order dated February 16, 2021, authorized the commissioner to assess, sell, transfer, and convey the parties' assets related to the division of the marital estate, among other responsibilities.

More than one year after appointment of the commissioner, both Mrs. Carpenter and the commissioner filed separate motions seeking to hold Mr. Carpenter in contempt due to his alleged noncompliance with court orders related to the disclosure and division of the marital estate. Additionally, the commissioner filed a motion for instructions that included a request for authorization to sell five jointly owned parcels of land on Brant Trail in West Greenwich (the property). The parties appeared in the Family Court on two occasions related to the pending motions, including on May 9, 2022, when the trial justice explained on the record that she had heard arguments in chambers regarding the property; and, over the objection of Mr. Carpenter, ordered the sale of the property.

An order reflecting that ruling entered on June 3, 2022, and the parties subsequently appeared at additional hearings to facilitate the distribution of the marital estate. On August 24, 2022, the trial justice again conferred with counsel in

chambers before appearing on the record, at which time counsel for Mr. Carpenter assented to both the authority of the commissioner to sell the property and the commissioner's intent to move forward with a purchase and sales agreement; but counsel for Mr. Carpenter also sought permission to contact a potential alternative buyer, which would have two weeks to make a legitimate offer. Otherwise, counsel confirmed, the commissioner could renegotiate the sales price in light of unspecified information concerning contamination of the property. The trial justice obtained the consent of the parties that the commissioner could negotiate the best price and move forward with the sale:

> "THE COURT: Yes. You understand that, sir, Mr. Carpenter?
>
> "MR. CARPENTER: Yes.
>
> "THE COURT: And you agree?
>
> "MR. CARPENTER: Yes.
>
> "THE COURT: And you understand and agree, Ms. Carpenter?
>
> "MS. CARPENTER: Yes.
>
> "THE COURT: So ordered."

An order entered on September 8, 2022, by "agreement of the parties with the terms read into the record," that provided the following in relevant part:

> "The Defendant, Norman E. Carpenter, is afforded two (2) weeks in order to determine whether a potential buyer that

he has identified is willing to extend an offer to purchase certain lots on Brant Trail in West Greenwich, Rhode Island in an 'as is' condition without further inspection or delay. Counsel for Defendant shall advise the Commissioner forthwith if said potential buyer will not extend an offer. Further, if such offer is not proffered within two (2) weeks, the Commissioner is authorized to negotiate and close on the best deal available."

Two months later, the commissioner filed a motion for relief seeking an order from the Family Court specifying the terms of the sale—including the buyer's identity, the sale price, and a legal description of the property—to ensure compliance with the requirements of the prospective buyer's title insurance company. On November 15, 2022, after holding an additional chambers conference, the parties immediately appeared before the trial justice at a hearing, during which counsel for Mr. Carpenter objected to various aspects of the sale including the lack of a signed purchase and sales agreement, and stated Mr. Carpenter's desire to purchase a parcel of the property for himself. The Family Court subsequently granted the commissioner's motion for relief and entered an order authorizing the commissioner to sell four of the property's five parcels to buyer WG Realty, LLC for $400,000. Thereafter, on December 2, 2022, Mr. Carpenter filed a notice of appeal challenging the Family Court's November 15, 2022 order.[1] The Family Court has not yet entered a final judgment.

---

[1] Mrs. Carpenter filed a motion to dismiss in this Court based on her contention that Mr. Carpenter had not filed his appeal in a timely manner. Specifically, Mrs.

On appeal, Mr. Carpenter argues that the trial justice erred in issuing the November 15, 2022 order because the trial justice declined to direct the commissioner to consider—or hold an evidentiary hearing related to—Mr. Carpenter's desire to purchase one of the property's four parcels subject to that order. We therefore consider (1) whether Mr. Carpenter can permissibly appeal from the Family Court's November 15, 2022 order authorizing the sale of four of the property's five parcels to WG Realty, LLC; and (2) whether the trial justice erred in issuing that order.

## Discussion

Although this Court generally does not authorize appeals on an interlocutory basis, G.L. 1956 § 9-24-7 permits litigants to file an interlocutory appeal in the following statutorily authorized instances:

> "Whenever, upon a hearing in the superior court, an injunction shall be granted or continued, or a receiver appointed, or a sale of real or personal property ordered, by an interlocutory order or judgment, or a new trial is ordered or denied after a trial by jury, an appeal may be taken from such order or judgment to the supreme court in like manner as from a final judgment, and the appeal shall take precedence in the supreme court."

Carpenter argued that this Court should not permit Mr. Carpenter to appeal from the November 15, 2022 order because he did not appeal from the related Family Court orders entered on June 3, 2022, or September 8, 2022. This Court denied Mrs. Carpenter's motion to dismiss and directed the parties to address the timeliness of Mr. Carpenter's appeal in their prebriefing statements. However, Mrs. Carpenter declined to press this issue at oral argument before this Court.

- 5 -

Despite the ostensible limitation of § 9-24-7 to matters taking place in the Superior Court, we also apply this provision to Family Court orders that authorize property sales. *Krivitsky v. Krivitsky*, 43 A.3d 23, 29 n.19 (R.I. 2012). Additionally, this Court has long recognized an exception that permits litigants to appeal from interlocutory orders in equitable matters when an order (1) possesses the requisite elements of finality and (2) threatens possible injurious consequences absent this Court's intervention. *McAuslan v. McAuslan*, 34 R.I. 462, 472, 83 A. 837, 841 (1912).

We are satisfied that Mr. Carpenter filed a proper, timely appeal from the November 15, 2022 order of the Family Court that authorized the sale of four of the property's five parcels to WG Realty, LLC. Specifically, the order authorized a sale of real property to a particular buyer at a fixed price, and Mr. Carpenter filed a notice of appeal within twenty days of the order, as mandated by Article I, Rule 4 of the Supreme Court Rules of Appellate Procedure. Therefore, based on our determination that Mr. Carpenter complied with the applicable procedural requirements to file an appeal before this Court, we conclude that this Court may properly review his challenge to the November 15, 2022 order.

Notwithstanding our determination that Mr. Carpenter validly appealed from the November 15, 2022 order, we cannot substantively evaluate the merits of his claimed error. Mr. Carpenter asks this Court to invalidate the November 15, 2022

order authorizing the sale of four of the property's five parcels because, he argues, the trial justice refused to hold an evidentiary hearing prior to rejecting his request to purchase one of the lots contained in the property for himself. However, examination of the record reveals that, following the November 15, 2022 chambers conference, the parties appeared on the record, discussed the sale of four of the property's five parcels, and the Family Court heard and denied objections from Mr. Carpenter's counsel concerning (1) the terms of the sale, such as the lack of a signed purchase and sales agreement, and (2) Mr. Carpenter's desire to purchase one parcel of the property for himself. Despite Mr. Carpenter's various objections throughout the travel of this case, he did not request an evidentiary hearing at the November 15, 2022 hearing or at any prior hearing in this matter. *See In re Madlyn B.*, 187 A.3d 1105, 1123 (R.I. 2018) (noting that trial counsel must raise objections that are specific enough to focus the trial justice's attention on the precise nature of the claimed error).

Moreover, as both the transcript of the August 24, 2022 hearing and the September 8, 2022 order demonstrate, Mr. Carpenter explicitly agreed to the commissioner's authority to proceed with a sale of the property's five parcels in the event that Mr. Carpenter could not obtain a suitable alternative buyer. As a result, this Court is hard-pressed to discern in what respect Mr. Carpenter could permissibly seek our intervention in the Family Court's administration of the property. Finally,

while Rule 16 of the Family Court Rules of Domestic Relations Procedure undoubtedly permits litigants to participate in chambers conferences,[2] litigants who engage in them must be vigilant about producing a developed and reviewable appellate record. The parties in this matter clearly benefitted from narrowing the issues at the August 24, 2022 conference; however, the lack of a request for an

---

[2] Rule 16 of the Family Court Rules of Domestic Relations Procedure provides the following:

> "In any action the court may in its discretion direct the attorneys for the parties or a self-represented litigant to appear before it for a conference to consider:
>
> "(1) The simplification of the issues;
>
> "(2) The necessity or desirability of amendments to the pleadings;
>
> "(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;
>
> "(4) The limitations of the number of expert witnesses; and/or
>
> "(5) Such other matters as may aid in the disposition of the action.
>
> "The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

evidentiary hearing following the November 15, 2022 conference demonstrates the importance of preserving specific objections. Because Mr. Carpenter did not request an evidentiary hearing, and in light of his explicit, on-the-record agreement to authorize the commissioner to move forward with the sale of the property, we determine that Mr. Carpenter has waived his challenge to the November 15, 2022 order and we may not review it. *Decathlon Investments v. Medeiros*, 252 A.3d 268, 270 (R.I. 2021).

Accordingly, we affirm the Family Court's November 15, 2022 order authorizing the sale of four of the property's five parcels.

## Conclusion

Based on the foregoing, we affirm the order appealed from and remand the record in this matter to the Family Court.



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| Title of Case | Shelley Carpenter v. Norman Carpenter. |
| --- | --- |
| Case Number | No. 2023-47-Appeal. <br> (K 20-3199) |
| Date Opinion Filed | July 3, 2024 |
| Justices | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| Written By | Associate Justice Melissa A. Long |
| Source of Appeal | Kent County Family Court |
| Judicial Officer from Lower Court | Associate Justice Debra E. DiSegna |
| Attorney(s) on Appeal | For Plaintiff: <br><br> Lauren E. Jones, Esq. <br> For Defendant: <br><br> Thomas M. Dickinson, Esq. |