CITY OF WOONSOCKET et al.

v.

FORTE BROTHERS, INC., et al.

No. 93–534–Appeal.

Supreme Court of Rhode Island.

June 8, 1994.

Gerard Laliberte, Woonsocket, for plaintiff.

Michael A. Kelly, Elizabeth McDonough Noonan, Adler, Pollock & Sheehan, Providence for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on May 24, 1994, pursuant to an order requiring the defendants to appear and to show cause why the issues raised in their appeal should not be summarily decided.

The defendants, Forte Brothers, Inc. (Forte), and Todesca Corp., Inc. (Todesca), appeal from the issuance of a temporary restraining order that prohibited them from blasting on property located in the city of Woonsocket (city). An earth-removal business is conducted upon the property, which lies in both Woonsocket and Cumberland.

Initially we note that a temporary restraining order is not usually appealable. *See generally* 1 Kent, *R.I.Civ.Prac.* § 65.5 at 477 (1969). However, in light of the extensive hearing on the temporary restraining order and the agreement of the parties to treat the hearing as if a preliminary injunction had been issued, we treat this appeal as one from an order granting a preliminary injunction.

The decision to grant or to deny a preliminary injunction lies within the sound discretion of the trial justice. *Pawtucket Teachers Alliance, Local No. 920 v. Brady,* 556 A.2d 556, 557 (R.I.1989). Additionally we note that the same criteria must be estab-

lished to issue either a preliminary injunction or a temporary restraining order. *Martin v. Lincoln Bar, Inc.,* 622 A.2d 464, 469 (R.I. 1993).

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown. Our review of the record informs us that the trial justice did not abuse his discretion. The record reflects that injunctive relief was appropriately granted. The city established (1) a likelihood of success on the merits, (2) sufficient irreparable harm as a consequence of the blasting, (3) an inadequate remedy at law since defendants ignored the cease-and-desist order and appeared to admit that they would continue to ignore it, and (4) the certainty that the harm to the city caused by any further blasting outweighed any harm that defendants or the public would suffer as a result of defendants' not being able to continue blasting operations in the city. *See Pawtucket Teachers Alliance,* 556 A.2d at 557.

Additionally since the property is zoned for residential use and defendants were not granted a variance or an exception, blasting is a clear violation of the zoning ordinance of the city. We note, however, that defendants would be permitted to remove earth products from the residential zone. *See City of Warwick v. Del Bonis Sand & Gravel Co.,* 99 R.I. 537, 542, 209 A.2d 227, 230 (1965) (noting that a zoning power may not be used to restrict the right of an owner to remove earth products from his or her land but could be used to restrict the commercial or industrial processes by which the removal is accomplished). We also note that this decision does not affect the activity on the parcel of land located in Cumberland as that specific question is not now before us and it appears from the record that that portion of the land is zoned for industrial use.

The order of the motion justice is affirmed, and the appeal is denied and dismissed.

SHEA, J., did not participate.