DECISION
Before the Court is the Town of Burrillville's Motion for Preliminary Injunction. As the Court noted at the final hearing between these parties, it will not render a decision at this time pertaining to a permanent injunction, nor will it make a decision regarding the Intervenor's counterclaim for declaratory judgment.
 Facts/Travel
The current case arises out of a dispute regarding land located in Burrillville, Rhode Island, designated as Assessor's Map 149, Lot 14 ("Property"). The Defendants are TA Consulting, L.L.C., the current owner of the property; Holliston Sand Company, Inc. ("Holliston") a Massachusetts corporation that operates a sand supply business in North Smithfield, Rhode Island; and, Dudley Development Corporation, a Rhode Island Corporation.
In summary, the Town of Burrillville ("Plaintiff") argues that the Defendants are in violation of Burrillville's zoning ordinance by utilizing the Property for industrial or commercial use. The Plaintiff maintains that at all times relevant to this litigation, the Property has been zoned as residential and has never been zoned for industrial or commercial use. The Plaintiff contends that the Defendants' utilization of a private road on the Property, which the Defendants use for ingress and egress for trucking for industrial sand and gravel operations on other properties, constitutes an industrial use of the Property.
The Plaintiff requests in its Verified Complaint that this Court grant injunctive relief restraining and enjoining the Defendants' industrial and commercial use of the illegal private road in violation of the Town of Burrillville Zoning Ordinance. In its Motion for Preliminary Injunction, the Plaintiff states that the public interest and irreparable injury to the Town of Burrillville warrants the granting of the relief requested. In support of its argument, the Plaintiff asserts that by "the enactment and enforcement of the Burrillville Zoning Ordinance, the Town is protecting the public's interest in regulating land use in an orderly fashion for the benefit of the general public." The Plaintiff also declares that it is being subjected to irreparable injury by the continued industrial use of the subject land in violation of the Burrillville Zoning Ordinance.
The Defendants maintain that the record shows the Property is not zoned residential, but rather zoned for either commercial, industrial or manufacturing use. They are at least, the Defendants state, enjoying a legal, non-conforming use status that would allow them to continue their activity on the Property. Nonetheless, the Defendants argue that the motion for preliminary injunction should be denied because no evidence has been produced by the Town that demonstrates how the use of a private road on private land produces any irreparable harm. The Defendants also declare that the Plaintiff has not shown a likelihood of success once the merits are reached, and states that the balance of equities tips in favor of denying the preliminary injunction.
 Standard
In deciding whether to issue a preliminary injunction, "the hearing justice should determine whether the moving party (1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested relief, (3) has the balance of the equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo." Iggy's Doughboys, Inc. v. Giroux, 729 A.2d 701, 705 (R.I. 1999) (citing The Fund For Community Progress v. United Way of Southern New England, 695 A.2d 517, 521 (R.I. 1997)). In regard to the requisite showing of irreparable harm, the moving party seeking a preliminary injunction "must demonstrate that it stands to suffer some irreparable harm that is presently threatened or imminent and for which no adequate legal remedy exists to restore that plaintiff to its rightful position. The Fund For Community Progress, 695 A.2d at 521 (citing Brown v. Amaral, 460 A.2d 7, 10 (R.I. 1983)). When balancing the equities, a court should consider "the hardship to the moving party if the injunction is denied, the hardship to the opposing party if the injunction is granted and the public interest in denying or granting the requested relief." The Fund For Community Progress, 695 A.2d at 521. The moving party must only make out a prima facie case when showing a likelihood of success on the merits, and not prove a certainty of success. See id. "The decision to grant or to deny a preliminary injunction lies within the sound discretion of the trial justice." City of Woonsocket v. Forte Brothers, Inc., 642 A.2d 1158, 1159 (R.I. 1994) (citing Pawtucket Teachers Alliance, Local No. 920 v. Brady, 556 A.2d 556, 557 (R.I. 1989)).
 Irreparable Harm
The Plaintiff has produced very little evidence as to how it or members of the public will be irreparably harmed if this preliminary injunction is not granted. "[T]he moving party must demonstrate that rights in question will be irreparably injured or endangered if the injunction is not issued." See School Committee of City of Pawtucket v. Pawtucket Teachers' Alliance Local No. 930, 365 A.2d 499, 501 (R.I. 1976). The Plaintiff states in his Memorandum that the Town is "protecting the public's interest" and that the Town "is being subjected to irreparable injury by the continued industrial use of the subject land." These are mere conclusions, however, that are not supported by any evidence or persuasive facts in the record.
The record shows that the Plaintiff is seeking to enjoin and restrain the Defendants' industrial or commercial use of an `illegal private road.' The activity has occurred for a number of years and there is no evidence in the record that suggests any environmental or other harm is threatened by the Defendants' use of the subject Property. The Plaintiff has also not demonstrated that any irreparable injury is either presently threatened or imminent. See The Fund For Community Progress, 695 A.2d at 521. Furthermore, the Plaintiff is not arguing that the Defendants are illegally removing earth or blasting on the Property, as was the case in City of Woonsocket v. Forte Brothers, Inc., nor is it arguing that the Defendants are suffering irreparable harm from an illegal trespass. See e.g., Newport Yacht Club, Inc. v. Deomatares, 171 A.2d 78 (1961). In fact, the Plaintiff offered the same or very similar arguments in support of its Temporary Restraining Order that was denied by Justice Israel in an Order dated September 9, 2000 and filed on October 2, 2000. Although the procedure for granting a Temporary Restraining Order and a Preliminary Injunction are not exactly the same, our Supreme Court has noted that "the same criteria must be established to issue either a preliminary injunction or a temporary restraining order." City of Woonsocket v. Forte Brothers, Inc., 642 A.2d 1158, 1159 (R.I. 1994) (citing Martin v. Lincoln Bar, Inc., 622 A.2d 464, 469 (R.I. 1993)). Therefore, for the above reasons, this Court finds that the record reveals no evidence that the Plaintiff or the public will suffer irreparable harm if this motion for preliminary injunction is not granted.
 Balance of the Equities
Another determination that must be made before granting a preliminary injunction is whether the balance of the equities tips in favor of the moving party, or in this case, the Plaintiff. See Iggy's Doughboys, Inc., 729 A.2d at 705. The Plaintiff argues, by enacting and enforcing Burrillville's Zoning Ordinance, it is protecting the public interest in regulating the use of the land. That is certainly true and this Court does not dispute that fact. However, for the purposes of a motion for preliminary injunction, the hardship on the moving party in not granting the motion must outweigh the hardship on the opposing party if the motion is granted. See The Fund For Community Progress, 695 A.2d at 521.
Indeed the Plaintiff has a very strong interest in enforcing its Zoning Ordinance. It certainly has the power to do so under the Rhode Island Zoning Enabling Act of 1991. See R.I.G.L. §§ 45-24-27 through 45-24-72. However, certain requirements must still be satisfied in order for a preliminary injunction to be granted. Just because a town has the power to enforce its zoning ordinances, it does not necessarily follow that a preliminary injunction is appropriate.
The Defendants argue that the hardship that they and their employees will suffer far outweighs any hardship, if at all, the Plaintiff or the public will suffer if the preliminary injunction is denied. The Defendants maintain that Holliston and Dudley are bona fide purchasers for value (approximately $500,000) of a perpetual easement on the Property in question. If in fact the preliminary injunction were granted, then they would lose the benefit of their expenditures. Furthermore, the Defendants assert that Holliston employs twenty-two full-time employees whose employment would be in danger if the preliminary injunction is granted. They also note that the Town of North Smithfield would lose approximately $37,000 a year in real and personal property taxes.
A review of the facts and the record demonstrate that a balance of the equities tips in favor of the Defendants in the present case. The Defendants stand to lose much more if the preliminary injunction is granted. The Plaintiff, although empowered to enforce its zoning ordinance, has not provided this Court with evidence that would convince it that the hardship it and the public would suffer, in the event this motion for preliminary injunction were denied, is greater than the hardship the Defendants would suffer if it were granted. Also, the Plaintiff is not without a legal remedy in this situation. It may also seek a declaratory judgment from the Court to determine the rights of the parties.
 Conclusion
This Court finds that the Plaintiff has not satisfied its burden for the granting of a motion for preliminary injunction. Whether or not the Plaintiff should or will succeed when a trial of the merits is decided is not before this Court. Therefore, for the reasons stated in this decision, the Plaintiff's Motion for Preliminary Injunction is denied.
Counsel shall prepare the appropriate judgment for entry.