DELLA M. WHIPPLE *et al. vs.* RUTH A. WALES *et al.*

JUNE 11, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEETLAND, C. J.   The above entitled cause is a bill in equity for partition of a certain tract of land in Cumberland.

In the Superior Court a decree was entered which provided, among other things, that said tract should be partitioned by metes and bounds and appointed a commissioner to make such partition.   From the entry of the decree the respondents appealed to this court.

The cause is before us at this time upon the motion of the respondents that the appeal be assigned for trial, and upon the complainants' motion that the appeal of the respondents be dismissed.

The respondents seek to have us treat said decree as final and subject to appeal.   In *McAuslan* v. *McAuslan*, 34 R. I. 462, the court sought to define a final decree under our appellate proceedings in equity causes, and as far as possible to establish uniformity in practice.   We there adopted the rule that a decree to be final "must terminate the litigation of the parties on the merits of the case, so that if there should be an affirmance here, the court below would have nothing to do but to execute the decree it had already rendered."   A decree in a partition suit, appointing a commissioner to partition land by metes and bounds, does not conform with that definition of a final decree.   The decree before us is plainly interlocutory and is not within the class of interlocutory decrees from the entry of which an appeal

is permitted by statute, provided such appeal be taken within ten days from the entry of the decree. That class includes an interlocutory decree in a partition suit ordering the sale of the land, which is the subject of the suit. Nor does this matter present circumstances similar to those appearing in the anomalous case of *Forgay* v. *Conrad*, 6 How. 201, considered at some length in *McAuslan* v. *McAuslan*, *supra*, where the possibility of irreparable injury induced the court to treat as final a decree which would ordinarily be regarded as interlocutory.

No warrant is found for the support of this appeal in the case of *Angevine* v. *O'Mara*, 35 R. I. 253; nor in the case of *McQuillan* v. *McQuillan*, 35 R. I. 373, both of which were cited to us at the hearing. The opinions in those cases are consistent with each other, and present examples of the correct application of the rule in *McAuslan* v. *McAuslan*, referred to above. Each was a suit for partition of real estate. In the former a decree appointing a commissioner to sell real estate was held to be interlocutory, requiring an appeal to be taken within ten days of the entry of the decree, and in no view to be regarded as final because upon the coming in of the commissioner's report further hearing would be required in the Superior Court to ascertain the value of the interests of the parties in the fund arising from the sale and to determine the manner of the distribution of said fund. In *McQuillan* v. *McQuillan*, *supra*, the decree there under consideration determined the proportional interests of the parties in the tract of land to be partitioned, appointed a commissioner to sell the land and directed him to deduct from the proceeds of the sale his own compensation, the expenses of the sale, and the costs of the suit, and then to distribute the residue among the parties in accordance with their interests in the land as determined in the decree, leaving no further action to be taken in the Superior Court upon the merits of the cause. One of the respondents who felt aggrieved by the entry of this decree did not appeal therefrom within ten days as from an interlocutory decree

but did appeal within thirty days as from a final decree. The court held that, although the decree provided for the sale of the property, it was a final decree, conforming to the rule defining a final decree adopted in *McAuslan* v. *McAuslan*, supra, and the appeal was allowed to stand.

The respondents' motion to assign for hearing is denied. Complainants' motion to dismiss the appeal is granted. The papers in the cause will be returned to the Superior Court for further proceedings.

*Charles R. Easton*, for complainants.

*Edward M. Sullivan, Daniel A. Colton*, for respondents.