207 A.2d 607.

ANTHONY J. LANCIA et al. vs. GROSSMAN'S OF RHODE ISLAND, INC.

MARCH 3, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This action of the case was brought pursuant to the provisions of G. L. 1956, §6-26-4, to recover money paid to the defendant under an alleged usurious loan and mortgage in violation of our usury statute, §6-26-2. The cause is before us on the plaintiffs' single exception to the decision of a justice of the superior court overruling their demurrer to the defendant's special plea.

The plaintiffs are husband and wife. Their declaration alleges in substance that on April 5, 1961, they made and executed a negotiable promissory note, payable to defendant, in the sum of $721.36; that the note and a mortgage of their real estate as security therefor were given to secure an indebtedness of plaintiffs to defendant in the sum of $611.32; and that pursuant to the terms of such note, plaintiffs made payments as follows:

| Sept. 30, 1961 | $20.00 |
| Mar. 31, 1962 | 40.00 |
| June 30, 1962 | 20.00 |
| Sept. 11, 1962 | 885.86 |
| | $965.86 |

A copy of the note is attached to the declaration and by reference made a part thereof. It provides that the sum of $721.36, including interest, was to be paid in thirty-five successive monthly installments of $20 each, commencing one month from the date thereof and continuing on the fifth day of each and every month thereafter and a thirty-sixth and final installment of $21.36. The note also provides for the payment of all costs of collection, including a reasonable attorney's fee in the event the note is defaulted and placed with an attorney for collection, and for acceleration of maturity in case of default. The mortgage contains the usual statutory power of sale.

The plaintiffs further allege that the payments totaling $965.86 were made to defendant or to its attorneys and constitute the full amount claimed by defendant to be due and owing under the note; that the amounts so paid exceed the maximum charge or compensation for interest and services or expenses incidental to the making, negotiation or collection of the note in question permitted by §6-26-2; that the transaction was therefore usurious and void; and that in the circumstances they are entitled to recover all sums paid to defendant on said note.

The defendant filed a plea of the general issue and also a special plea setting out in detail the facts involved in the financial transaction between the parties. The special plea alleges in substance that plaintiffs' indebtedness arose out of certain purchases of building materials and equipment for which they remained indebted to defendant for some time prior to April 5, 1961; that the note and mortgage were executed to secure the payment of the debt and in lieu of

commencing legal action therefor against plaintiffs; and that the figure of $721.36 was arrived at by adding 6 per cent interest for three years to the balance of $611.32 then due.

It also alleges that plaintiffs defaulted by failing to make the first monthly payment; that foreclosure proceedings were commenced on or about August 21, 1962, approximately fifteen and one half months after default; that on or about September 11, 1962, the sum of $885.86 was received by defendant from plaintiffs; and that the foreclosure sale to be held on September 12, 1962 was thereupon cancelled.

The plea further alleges that of the sum of $885.86 so paid, $641.36 was for the balance due on the note, $94.16 for foreclosure expenses, and the balance of $150.34 for attorney's fees. The defendant concludes its special plea with the allegation that the amounts paid in excess of $641.36 were not charges or compensation for interest and services or expenses incidental to the making, negotiation or collection of such indebtedness, but were incidental to a separate and distinct transaction, namely, the default of plaintiffs on the note and foreclosure of the mortgage.

The plaintiffs demurred to this plea on the ground that it does not contain a defense to their action. The trial justice overruled the demurrer without disclosing the ground or grounds upon which he based his decision. The transcript does show, however, that plaintiffs refused the trial justice's offer to file further pleas. Instead they brought the case here on their exception to his decision.

In view of defendant's express statement that the question of novation is immaterial, we shall assume, without deciding, the correctness of plaintiffs' contention that the execution of the note and mortgage constituted a novation. See *Philip Carey Mfg. Co.* v. *General Products Co.*, 89 R. I. 136. 144. The transaction between these parties was a loan

transaction within the contemplation of §6-26-2 and subject to the provisions thereof. The defendant's contention to the contrary is without merit.

The plaintiffs present for our consideration a question of first impression in this state, namely, whether the portion of §6-26-2 which inhibits the charging or taking of compensation in excess of the permitted maximum "for services or expenses incidental to the * * * collection of such loan" includes foreclosure expenses and attorney's fees. Stated another way, does the statute require that foreclosure expenses and attorney's fees be included in computing the permitted maximum under §6-26-2?

However, on the basis of the instant record, we do not believe the question is properly before us at this time. The defendant argues that even if it is assumed that foreclosure expenses and attorney's fees must be included in computing the permitted maximum under the statute, the pleadings in the case at bar do not allege facts constituting a usurious and void transaction under the statute.

The plaintiffs, on the contrary, contend that the question whether the statutory maximum has been exceeded was not an issue at the time of the hearing on their demurrer and is not properly before this court in this proceeding. The short answer to this argument is that the transcript fails to disclose the grounds of the trial justice's decision. We have no way of knowing whether he based it on a finding that there was in fact no usury, or on the ground that the statute did not require foreclosure expenses and attorney's fees to be included in computing the permitted maximum.

The plaintiffs further contend that the narrow issue raised by their exception relates merely to the meaning of §6-26-2, and that if their exception is sustained we should remit the case to the superior court for a trial on the merits to determine whether the transaction was in fact usurious. We do not agree that such exception raises only the narrow issue

342

claimed by them. *Kenyon* v. *Parzych,* 69 R. I. 139, which they cite is not in point.

Finally, they state that if we decide that the question whether the transaction is in fact usurious is properly before us, they are prepared to argue that usury can be found under the facts of this case, and request leave to file a supplemental brief restricted to that issue.

After carefully considering the entire record and the contentions of the parties it is our opinion that the bill of exceptions has been prematurely brought in violation of §9-24-24 and the rule set forth in *Troy* v. *Providence Journal Co.,* 43 R. I. 22.

General laws 1956, §9-24-24, reads as follows: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby." As the court said in *Frigon* v. *Warner,* 80 R. I. 363, 366: "Consistently from the beginning this court has held that the provisions of the statute governing bills of exceptions are jurisdictional and require a strict construction. *Frappier* v. *Frappier,* 64 R. I. 54; *Providence Fruit & Produce Bldg., Inc.* v. *Gamco, Inc.,* 76 R. I. 54, 57."

The overruling of the demurrer was not a decision by which plaintiffs' rights were finally concluded in the superior court. *Troy* v. *Providence Journal Co., supra.* They could have thereafter proceeded to trial on the merits in that court and if they lost they could then have brought the whole case to this court—not piecemeal as they have.

Although the defendant has filed no motion to dismiss, since the record posits a jurisdictional question, this court can sua sponte raise the question and act accordingly. See *Pawtucket Cabinet and Builders Finish Co.* v. *Peoples Excursion Line, Inc.,* 45 R. I. 426.

The plaintiffs' bill of exceptions is dismissed without prejudice, and the case is remitted to the superior court for further proceedings.

*Factor, Chernick & Hillman, William C. Hillman,* for plaintiffs.

*Adler, Pollock & Sheehan, Bernard R. Pollock, Peter Lawson Kennedy,* for defendant.