224 A.2d 43.

STATE *vs.* JOHN A. FERRARA.

NOVEMBER 9, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. The indictment before us charges the defendant with having committed sodomy in violation of G. L. 1956, §11-10-1. Special pleas attacking the validity of the indictment were filed by the defendant. After a hearing, the pleas were denied and exceptions to the trial justice's rulings were duly noted in behalf of the defendant. Within the time prescribed by statute, a bill of exceptions was filed by the defendant and allowed by the trial justice. The papers were then certified to this court and briefs were filed in behalf of the defendant and the state.

When this cause came on to be heard, this court sua sponte raised the jurisdictional question as to whether or not the bill of exceptions had been prematurely brought in violation of §9-24-24 and the rule set forth in *Troy* v.

*Providence Journal Co.,* 43 R. I. 22. The defendant has filed a supplementary brief on this particular issue and we have given careful consideration to the reasons set forth therein as to why we should hear the case at this time. We hold, however, that his bill of exceptions is not properly before us.

Section 9-24-24 reads as follows: "Exceptions to decisions or rulings prior to trial shall be open to revision after verdict or final decision on the merits, but so far only as it appears to the supreme court that the verdict or final decision was erroneously affected thereby." In *Lancia* v. *Grossman's of Rhode Island, Inc.,* 99 R. I. 337, 207 A.2d 607, we reiterated the rule that provisions of this statute governing bills of exceptions are jurisdictional and require strict construction. Since the record posits a jurisdictional question, we can, as we did in *Lancia,* sua sponte raise the question and act accordingly.

Since our consideration of this statute in *Troy* v. *Providence Journal Co., supra,* we have repeatedly admonished bench and bar alike that this court, subject to a few well-defined exceptions which are not present here, will not consider a case piecemeal. Before one may prosecute a bill of exceptions to review rulings made by the superior court during the travel of a case, it must proceed to a final verdict or final decision upon its merits so that nothing further remains to be litigated between the parties in a trial. We have also held that this statute makes no distinction between civil and criminal cases as to the time and manner in which a bill of exceptions may be presented by an aggrieved party. *State* v. *Ryan,* 64 R. I. 92.

The defendant's bill of exceptions is dismissed without

prejudice and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for State.

*Eugene F. Toro,* for defendant.