**346 A.2d 120.**

LEAH MALONEY, *Individually and as Administratrix of the Estate of John Joseph Maloney*
*vs.* RICHARD M. DALEY *et ux.*

OCTOBER 31, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. The plaintiff in this negligence action brings this suit both as an individual and as the administratrix of her husband's estate. In two counts of her complaint, the plaintiff seeks recovery under the pertinent provisions of our Wrongful Death Act, G. L. 1956 (1969 Reenactment) ch. 7 of tit. 10. In the complaint's third and final count, the plaintiff seeks damages for the mental anguish she sustained as she watched her husband become engulfed in the flames that ultimately caused his decease. The defendants are before us on appeal from the denial by a justice of the Superior Court of their motion

to dismiss the third count on the ground that it failed to state a claim upon which relief could be granted. At oral argument, the defense conceded that there was a substantial question as to the appealability of the denial of the motion to dismiss.

There is no question as to its appealability. The denial order is patently interlocutory. The order makes no final determination of defendants' rights. Subsequent to the denial, defendants could have proceeded to trial and in the event of an adverse decision at the trial level, they then could have brought the entire case before this court —not just the portion which they now ask us to review. *Lancia* v. *Grossman's of Rhode Island, Inc.*, 99 R. I. 337, 207 A.2d 607 (1965). We have consistently admonished bench and bar alike that this court, apart from a few well-defined exceptional circumstances none of which are present here, will not engage in the piecemeal review of a case. Ordinarily, before one can seek review of a ruling made in the trial court, the case must have achieved that degree of finality in which there is nothing further to be litigated between the parties. The requisite finality is lacking in the denial of defendants' motion to dismiss.

Fragmented appeals will not be tolerated. *Sarni* v. *Meloccaro,* 110 R. I. 566, 294 A.2d 844 (1972). Consequently, this court can sua sponte raise the question and act accordingly.

The defendants' appeal is dismissed without prejudice and the case is remanded to the Superior Court for further proceedings.

*Frederick C. Kilguss, Jr., Sheila Cabral Sousa,* for plaintiff.

*John G. Carroll,* for defendants.