402 A.2d 738.

Rudolph J. DiMaria *vs.* Lucy M. Sabetta *et al.*

JUNE 13, 1979.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Weisberger, J.   This case is before us on an appeal from an order by the trial justice recusing himself from further participation in a civil action involving the disposition of the corpus of a trust created by the will of Marietta DeMaria. The parties in their briefs agree that hearings had taken place

on October 22, 26 and 27, 1976, at which time a settlement apparently had been reached between them. Further proceedings were continued until November 8, 1976, when the trial justice learned that one of the defendants would not agree to the proposed settlement.

Thereafter, defendants' counsel asked for permission to withdraw from further participation as an attorney in the case and requested a 2-week continuance to allow defendants to obtain new counsel. The plaintiff's attorney objected to the withdrawal and continuances and testified concerning conversations that had occurred between himself and counsel for defendants. The subject matter of this testimony was such that the trial justice stated: "I feel I have been prejudiced to the point where I could no longer sit as a fair and impartial judge in this case." The trial justice then passed the case and declined to act on a request for a preliminary injunction and for the award of counsel and interpreter's fees. On May 4, 1977, another trial justice declined to excuse plaintiff from the payment of appeal costs in the amount of $70. Through the present appeal plaintiff challenges the propriety of the foregoing orders.

The general rule in this jurisdiction is that appeals from interlocutory orders will not be permitted except for well-defined exceptions. G.L. 1956 (1969 Reenactment) §9-24-7; *Town of Lincoln* v. *Cournoyer,* 118 R.I. 644, 375 A.2d 410 (1977); *Maloney* v. *Daley,* 115 R.I. 375, 346 A.2d 120 (1975). We have also consistently stated that, apart from a few extraordinary situations, a litigant may not obtain piecemeal review of his case by this court. *E.g., Maloney* v. *Daley, supra; Giarrusso* v. *Corrigan,* 108 R.I. 471, 276 A.2d 750 (1971); *Redfern* v. *Church of the Mediator,* 101 R.I. 182, 221 A.2d 453 (1966).

One exception to this general rule is legislatively created and allows an appeal from an interlocutory decree which grants or continues an injunction, or orders a receiver, or orders a sale of real or personal property. Section 9-24-7. The other exception is of judicial origin and was first enunciated

in *McAuslan* v. *McAuslan*, 34 R.I. 462, 83 A. 837 (1912). Under the *McAuslan* doctrine, a strictly interlocutory decree may be immediately reviewed when the decree has consequences sufficiently serious so that it can be said to possess an element of finality for review purposes. The object of this doctrine is to prevent possible injurious consequences. To fall within this exception, however, the perceived injury must be shown to be clearly imminent and irreparable. *Eidam* v. *Eidam*, 108 R.I. 673, 279 A.2d 413 (1971). *See* 1 Kent, R.I. Civ. Prac. §73.4 at 512-14 (1969).

In the present case, none of the orders from which appeal is taken results in injury of a clearly imminent or irreparable nature. In light of the trial justice's determination that he had become prejudiced in the case, we cannot say he abused his discretion in refusing to preside. Indeed, this case could have been reassigned to another justice for trial within a brief period of time. Although counsel for plaintiff has indicated that there would be financial hardship arising out of the necessity to repeat testimony already elicited, this would not bring the case within the well-defined exceptions previously mentioned.[1]

Even in instances in which a judge's decision to recuse himself has been held to be reviewable, the courts have been reluctant to overturn a judge's determination which is based upon a full exercise of sound discretion. *See In Re Virginia Electric & Power Co.*, 539 F.2d 357 (4th Cir. 1976); *Kelley* v. *Metropolitan County Board of Education*, 479 F.2d 810 (6th Cir. 1973).

On the facts presented in this case, we believe that there is

---

[1]The plaintiff's counsel emphasizes that the plaintiff's resources are inadequate to obtain the services of an interpreter, or interpreters, for a second trial. The plaintiff is unable to hear or speak and requires the services of an interpreter using sign language. In the event, however, that the plaintiff is unable to obtain these services, the trial justice has the discretion to admit the stenographic transcript of the previous testimony. *See* McCormick, Evidence §§253 to 260 (2d ed. 1972); 5 Wigmore, *Evidence* §§1370, 1371, 1386 to 1389, 1402 to 1415 (Chadbourn rev. ed. 1974). Such a circumstance would be analagous to a witness being unavailable for a second trial.

insufficient reason to depart from our long-standing rule denying review of interlocutory determinations. We believe that the trial justice who denied the request to absolve plaintiff from payment of appeal costs did so on the ground that these orders were not properly appealable. We agree with the trial justice's conclusion.

Other issues raised by plaintiff concerning the right to receive preliminary relief in the form of payment from the trust assets for fees, travel expenses of interpreters, attorney's fees and cost of transcripts may be raised in the trial court in the course of a retrial of all issues involved in this litigation.

For the foregoing reasons, the plaintiff's appeal is denied and dismissed and the case is remanded to the Superior Court for further proceedings.

*Martin Malinou*, for plaintiff.

*Gilbert V. Indeglia*, for defendants.