Ralph D. MARTINO d.b.a.
RDM Designers

v.

Fernando RONCI et al.

No. 94–126–Appeal.

Supreme Court of Rhode Island.

Dec. 4, 1995.

J. Ronald Fishbein, for Plaintiff.

Guido Salvadore Joseph Salvadore, for Defendant.

**OPINION**

MURRAY, Justice.

The defendants, Fernando and Corinne Ronci, appeal from a Superior Court judgment on a jury verdict in favor of the plaintiff, Ralph D. Martino (Martino), d.b.a. RDM Designers, in regard to the issue of liability in a breach-of-contract action. A final judgment, however, has not been entered in this case. Moreover, since the trial court entered an order bifurcating the issues of liability and damages, only the issue of liability was presented to the jury; the issue of damages has yet to be determined. Because this matter does not have the requisite finality necessary for an appeal to this court, this appeal is premature and therefore is dismissed.

The facts underlying this dispute are as follows. On September 10, 1984, plaintiff and defendant Fernando Ronci entered into a written agreement whereby plaintiff would perform interior-design services in connection with defendants' new home in Lincoln, Rhode Island, for the sum of $7,000. The plaintiff received $4,000 from defendants on or about the time that the agreement was signed. The remaining balance of $3,000 was to be paid during the completion of the inte-

rior work in the home. The agreement also stated that plaintiff was to receive a commission of 15 percent above net cost and sales tax paid on certain purchases "agreed on through client and designer, [R]alph [M]artino and purchased through [RDM] [D]esigners."

On July 7, 1988, plaintiff brought suit in Providence County Superior Court against defendants, claiming that defendants had breached the contract and that defendants fraudulently induced him to enter into the contract. In response, defendants denied the claims and filed a counterclaim, alleging that plaintiff had failed to complete the services required of him pursuant to their agreement and therefore breached the contract.

The matter proceeded to trial before a jury from October 12 to 18, 1993. Because the trial court had initially entered an order bifurcating the issues of liability and damages, the only issue tried before the jury was the issue of liability. At the conclusion of the trial, the trial justice denied defendants' motion for a directed verdict and submitted the case to the jury. The jury considered plaintiff's claim for breach of contract and defendants' counterclaim for breach of contract. In addition, over defendants' objection, the trial court permitted the jury to consider plaintiff's claim for fraud. The jury returned a verdict in favor of plaintiff on his claim for breach of contract and found that defendants had breached the contract. However, the jury was unable to reach a verdict on the fraud count. The trial justice declared a mistrial in regard to the fraud count.

The defendants thereafter filed a motion for a new trial with respect to the breach-of-contract claims. After a hearing held on October 22, 1993, the trial justice denied their motion and indicated that the second portion of the case, the damages portion, may proceed when ready.

■ The defendants raise four issues on appeal. However, plaintiff argues that the instant appeal should be dismissed because a final judgment has not been entered. The plaintiff also argues that this matter does not have the requisite finality since the issue of damages has yet to be determined.

■ This court has steadfastly maintained that it will entertain a direct appeal only from a final judgment. "[A] final judgment is one that completely terminates the litigation between the parties." *In re Joseph T.*, 575 A.2d 985, 986 (R.I.1990) (citing *Maloney v. Daley*, 115 R.I. 375, 346 A.2d 120 (1975)). We have, however, stated that an appeal from an interlocutory order will be permitted when the case falls within one of two well-recognized exceptions: "(1) appeal is allowed from an interlocutory order directing the sale of real or personal property and (2) the court will review an order or decree which, although in the strict sense interlocutory, possesses such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm." *Bendick v. Picillo*, 525 A.2d 1310, 1313 (R.I.1987).

In the present case, the record clearly indicates that a final judgment has not been entered. Moreover, this appeal was filed before the case was finally terminated in Superior Court. Although the issue of liability has been presented to the jury, it is uncontested that the issues of fraud and damages have yet to be resolved. The present action therefore lacks the requisite finality for an appeal to this court. Since the defendants have indicated in their brief that "[t]his appeal is not interlocutory," we need not consider whether this case comes within the exceptions contemplated by this court when an appeal is filed from an interlocutory order. Consequently, because we find that this appeal is premature, it is therefore dismissed.

For the reasons stated herein, the defendants' appeal is denied and dismissed. This case is remanded to the Superior Court for further proceedings.