**Supreme Court**
No. 2012-331-M.P.

Rhode Island Public Employees' Retiree
Coalition et al.

      v.

Lincoln D. Chafee et al.

           :

           :

           :

           :

**O R D E R**

  This case came before the Supreme Court in conference on December 5, 2012, on a petition for writ of certiorari and motion for a stay of proceedings in Superior Court, filed by the defendants, Governor Lincoln Chafee et al. The defendants seek review in this Court of a decision and Order of the trial justice declining to recuse in this case. This petition arose after a series of written communications and conferences with the trial justice, in which the defendants contended that the trial justice has an economic interest in the outcome of this case because her son is an active member of the Rhode Island State Police. The trial justice had been informed that another lawsuit may be forthcoming challenging changes to the pension benefits for active and retired state police officers. Although that suit has not been filed, the defendants, acting under the belief that the present lawsuits, challenging the constitutionality of the pension changes, will affect active members of the state police, requested the trial justice review Article VI, Canon 3E of the Code of Judicial Conduct and then decide whether she will preside over these cases.

  On October 19, 2012, the trial justice issued a bench decision in which she deemed the correspondence by the defendants to constitute a motion to disqualify her

from participating in this case. The defendants objected to this characterization and noted that they had not been provided with an opportunity "to provide the Court with case law authority to support a motion to recuse" because they did not consider their letter to the trial justice to constitute such a motion. The trial justice indicated that she had undertaken sufficient legal research to reach a decision on the issues as was requested by the defendants and that she would consider the prior correspondence to her as a motion to recuse.

The trial justice proceeded to address any pension changes that would affect members of the state police. She noted that her son was not yet vested in the retirement system and that he would not be eligible to receive any pension benefits for a number of years, if ever. The trial justice also disclosed that her mother "receives a small monthly benefit" from her late father's pension and that the changes in the legislation would eliminate the yearly cost of living allowance (COLA) benefit she would receive.

The trial justice determined that her son's employment with the Rhode Island State Police did not disqualify her from participating in this case. She noted that the state police were not parties to any pending litigation, that her son had not yet vested in the pension system, and that there was no certainty that he would seek any benefits from the retirement system. Accordingly, the trial justice declared that any financial interest her son might have in the retirement system was remote, speculative, and de minimis. With regard to her mother, the trial justice determined that her mother's financial interest also was de minimis based on the small amount of the benefit and the fact that the resulting COLA also would be minimal.

Finally, the trial justice also disclosed that as a member of the Judicial Retirement Benefits System, her contributions to that system have increased and any COLA benefit to retired members of the judiciary also has been suspended. The trial justice declared that her interest in the pension system likely is identical to that of any judge in this state, such that the Rule of Necessity would apply in order to permit the case to be decided. Having determined that the Code of Judicial Conduct does not require her disqualification, and after fully satisfying herself that these interests would not adversely affect her ability to render an impartial decision, the trial justice denied the motion for recusal. The defendants have petitioned this Court for a writ of certiorari to review the trial justice's ruling.

The defendants seek review in this Court contending that the trial justice erred in ruling on a motion to recuse that had not been filed, thereby denying them the opportunity to brief and argue the issue of recusal. Additionally, the defendants contend that the trial justice's son and mother have more than a de minimis interest that could be affected by the proceedings.

The plaintiffs have objected to the petition for writ of certiorari and the motion to stay the proceedings. The plaintiffs argue that the standards for issuance of a writ of certiorari have not been satisfied in this case and that if the Court were to take jurisdiction over this case at this time it would result in piecemeal review. The plaintiffs also contend that there is an adequate remedy at law available to the defendants and that the defendants have not demonstrated that they will suffer immediate or irreversible harm.

We are cognizant of the fact that two constitutional officers have requested this Court to undertake extraordinary interlocutory review. We are also aware of the high

public interest in this important case and that it is in the public's interest that the issues raised in this case be resolved in an expeditious manner. However, after careful examination of the trial justice's decision and the memoranda provided by counsel, this Court concludes that the issuance of certiorari at this time is unwarranted. This Court's criteria for the issuance of the common law writ are well known to the parties' counsel, having been time and again set forth in numerous cases. They therefore need not be restated at any length here. Suffice it to say that generally whenever another adequate remedy is available, certiorari will not lie to review interlocutory orders, nor will it be if the issuance of the writ would result in piecemeal review of a case, absent a showing of unusual hardship or exceptional circumstances which might "void the benefits of an otherwise adequate remedy at law." Barletta v. Kilvert, 111 R.I. 485, 487, 304 A.2d 353, 354-55 (1973). It is well settled that the petitioners are free to raise these issues again, as they see fit, after the entry of final judgment. See DeMaria v. Sabetta, 121 R.I. 648, 650, 402 A.2d 738, 739 (1979) ("On the facts presented in this case, we believe that there is insufficient reason to depart from our long-standing rule denying review of interlocutory determinations."). The application of these criteria, however, is of especial importance in this case, a case involving a substantial public interest and requiring the resolution of complex questions of constitutional law, the speedy, effective, and efficient determination of which is of incalculable importance to all of the state's citizens. When measured against such weighty concerns, the necessity of immediate review of the trial justice's careful decision declining to recuse from this case—as well as of inevitable future rulings in this litigation which are certain to be disputed or controversial—appears less compelling. It is not sufficiently clear to us that error may have been committed of

such a magnitude that would justify this Court's intervention into an ongoing judicial proceeding.[1]

For the reasons stated, the petition for writ of certiorari is denied and the motion for a stay is therefore rendered moot.

Entered as an Order of this Court, this **6th** day of **December, 2012**.

By Order,

_____/s/_____

Clerk

---

[1] We also note that included in the papers in this case is an opinion to the trial justice, issued by the Supreme Court Advisory Committee on the Code of Judicial Conduct, on October 5, 2012. This opinion addresses the fact that the trial justice's mother receives a monthly death benefit from her late husband's legislative pension and that her son has been an active member of the Rhode Island State Police for two and one-half years. It was the opinion of the Committee that her mother's interest in the pension cases, her son's interest in the pension cases and her own interest—as a member of the judiciary whose pension is affected by the 2011 legislation—are interests that are objectively de minimis and do not disqualify her from presiding over these cases. The Committee also reminded the trial justice of her responsibility to make a subjective determination about whether these de minimis interests would affect her ability impartially to preside over these cases. The record before us discloses that the trial justice did so and set forth her reasoning on the record.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      Rhode Island Public Employees' Retiree Coalition et al. v. Lincoln D. Chafee et al.

**CASE NO:**      No. 2012-331-M.P.

**COURT:**      Supreme Court

**DATE ORDER FILED:**      December 6, 2012

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      N/A – Court Order

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiffs:   Carly B. Iafrate, Esq.

For Defendants:
John A. Tarantino, Esq.
James R. Lee, Department of Attorney General
Rebecca T. Partington, Department of Attorney General