Michelle D. BAKER, Esq., Administratrix, CTA of the Estate of Walter A. Kania

v.

Felicia Victoria MITCHELL a/k/a Phyllis Victoria Mitchell, et al.

No. 2013–17–Appeal.

Supreme Court of Rhode Island.

Nov. 8, 2013.

Alfred G. Thibodeau.

John Mitchell Vogel, Pro Se

Robert J. Ameen and John B. Murphy.

## ORDER

This case came before the Supreme Court at a session in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. In this partition action the defendant, John Mitchell Vogel (defendant "Vogel"), appeals pro se from an intermediate order of the Superior Court that continued a hearing on Commissioner John B. Murphy's motion to sell property located at 50 Bellevue Avenue, Pawtucket (the property) and imposed conditions on any future requests by the defendant to continue the hearing, including the potential for sanctions. The property is part of a testamentary estate for which the plaintiff Michelle Baker is the successor administrator. The defendant Vogel was added as a party after the original complaint was filed. The order in question not only continues the hearing to December 6, 2012 but also provides that "[n]o further continuances shall be allowed without consideration of the imposition of sanctions as the Court may deem appro-

priate," and that "any offer to purchase the Property presented to the Commissioner by the party Defendants requesting the continuance must be received by the Commissioner in writing, with a deposit by bank cashier's check in the amount of $10,000.00 by 12:00 noon on Monday, December 3, 2012." *Baker v. Mitchell,* C.A. No. 07–904 (R.I.Super.Ct., filed Nov. 21, 2012).

On appeal the defendant Vogel asserts a variety of challenges to the proceedings below and generally maintains that the conditions in the order are "completely unwarranted" and "prejudicial," and that "principals [*sic*] of equity have been violated." In part he challenges the initial decision to schedule the motion to sell on November 21, 2012; he accuses the commissioner of falsely assuring him that he had an opportunity to match any offer to purchase; he accuses the commissioner of inadequately performing his duties; and he challenges the Superior Court's decision that the property may be partitioned for $51,500 on the basis that the fair market value and city assessment were significantly higher. We note, however, that the defendant Vogel's appeal is interlocutory and thus is not reviewable at this time.

This Court has steadfastly maintained that, with very few exceptions, "it will entertain a direct appeal only from a final judgment," meaning a judgment that completely terminates the litigation between the parties. *Martino v. Ronci,* 667 A.2d 287, 288 (R.I.1995). The order that entered on November 21, 2012 did not terminate the litigation between the parties. The respective interests of the parties have not yet been determined as claims in both the complaint and counterclaims remain outstanding.

Generally this Court does not review interlocutory orders "unless the case falls within one of two well-recognized excep-

tions: (1) [an] appeal is allowed from an interlocutory order directing the sale of real or personal property and (2) the court will review an order or decree which, although in the strict sense interlocutory, possesses such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm." *Bendick v. Picillo,* 525 A.2d 1310, 1313 (R.I.1987) (citing *Town of Lincoln v. Cournoyer,* 118 R.I. 644, 648, 375 A.2d 410, 412–13 (1977) and G.L.1956 § 9–24–7). Neither the statutory nor the common-law exception applies here.

Section 9–24–7 provides that "[w]henever, upon a hearing in the Superior Court * * * a sale of real or personal property [is] ordered * * * an appeal may be taken from such order or judgment to the Supreme Court in like manner as from a final judgment * * *." Here, a hearing on the commissioner's motion to sell has not yet taken place and an order directing that the property be sold has not entered. The statute pertaining to the order of sale in a partition action provides in part that:

> "the Superior Court may, in its discretion, upon motion of any party to the action, order the whole premises sought to be divided, or any particular lot, portion, or tract thereof or the interest of the plaintiff or plaintiffs or of the defendant or defendants in the whole premises, or in any particular lot, portion or tract thereof, to be sold, either at public auction or by private contract, under the direction of the court, by the commissioner or commissioners appointed to divide or sell the same; provided, that if the sale is made by private contract, is shall not be made for less than the sum fixed by the court in its decree authorizing the sale by private contract." G.L. 1956 § 34–15–16.

Apparently an order exists that authorizes the commissioner to sell the property for not less than $51,500 but that order did not actually order the sale. In fact, the order appealed from not only continues the hearing on the motion to sell but also invites an offer by the defendants to buy the property. Therefore, the order appealed from does not fall within the statutory exception that permits appeals from interlocutory orders.

For the reasons stated herein the defendant Vogel's appeal is denied and dismissed, and we remand the record in this case.