**Supreme Court**
No. 2017-218-Appeal.

Tammy Lombardi          :

v.          :

Christopher Lombardi.          :

**O R D E R**

The *pro se* defendant, Christopher Lombardi,[1] appeals from a March 22, 2017 Consent Order of the Family Court dismissing his "Motion for a New Judge" and further stating that "all child support issues between the parties including * * * the child support garnishment have been fully resolved by separate order * * *." This matter came before the Supreme Court for oral argument on October 25, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

On July 9, 2015, the plaintiff, Tammy Lombardi, filed a complaint for divorce from Christopher. A Family Court justice held a hearing on October 18, 2016, after which, on December 15, 2016, a decision pending entry of final judgment of divorce entered. That decision provided, in pertinent part as follows: "Mother shall get the Social Security Disability dependency benefit for [Valerie], and father shall get the Social Security Disability dependency benefit for [Cedric]. Child support shall be left open at this time." Neither party ever filed a motion to vacate that decision, nor was that decision appealed to this Court. Christopher did,

---

[1] In this Order, we will refer to the parties by their first names for the sake of clarity; in doing so, we intend no disrespect. In addition, we refer to the minor children pseudonymously in order to protect their privacy.

however, file several motions thereafter in Family Court, concerning which a hearing was held on March 22, 2017.

Directly after the March 22, 2017 hearing, the parties engaged in a "Consent Meeting" at the Family Court, and an attorney from the Rhode Island Department of Human Services took part in that meeting. Eventually, both Tammy and Christopher signed the Consent Order that includes the following two provisions with which Christopher now takes issue:

> "1. The parties agree that the following motions shall be dismissed:
>
> "A. Defendant's Motion for a New Judge and Plaintiff's Motion to Dismiss Defendant's Motion for New Judge * * *.
>
> "* * *
>
> "3. That all child support issues between the parties including but not limited to the SSDI dependency benefits for both children and the child support garnishment have been fully resolved by Separate Order entered [b]y the state of RI arising from today's hearing date."

The Family Court justice signed the Consent Order, and it entered on the same day as the Consent Meeting.

On April 11, 2017, Christopher filed an appeal from the Consent Order, asking this Court to "strike item #1a of the * * * Consent Order" and to "strike item #3 of the * * * Consent Order."[2] Before this Court, Christopher declares with respect to item 1A that he "adamantly rejects the notion and language in its ENTIRETY;" and he also asserts that he, "at no time, agreed to the language" in item 3. (Emphasis in original.)

---

[2] In his memorandum filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, Christopher contended that he, "at no time, agreed to the language" of item 3 of the Consent Order. However, at oral argument before this Court, Christopher acknowledged that, on March 22, 2017, he signed the Consent Order as to item 3, but he continued to dispute having signed a document that contained item 1.

Christopher's challenge to the Consent Order is clearly interlocutory.[3] As such, the only means for seeking appellate review by this Court would have been by the filing of a petition for issuance of a writ of certiorari. *See Henderson v. Henderson*, 818 A.2d 669, 671 (R.I. 2003). In *Dale v. Dale*, 37 A.3d 124 (R.I. 2012) (mem.), this Court stated that "[i]nterlocutory orders are reviewable only by way of writ of certiorari." *Dale*, 37 A.3d at 124. Accordingly, the March 22, 2017 Consent Order is not properly before us on appeal.

We are aware that Christopher represented himself before the Family Court and before this Court. However, "[e]ven if a litigant is acting *pro se*, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." *Faerber v. Cavanagh*, 568 A.2d 326, 330 (R.I. 1990); *see Sentas v. Sentas*, 911 A.2d 266, 271 (R.I. 2006). As such, it was incumbent upon Christopher to follow the correct procedural route if he wished to seek review by this Court of the March 22, 2017 Consent Order. *See Maloney v. Daley*, 115 R.I. 375, 376, 346 A.2d 120, 121 (1975).

For the reasons set forth herein, we deny and dismiss Christopher's appeal. The record may be remanded to the Family Court.

Entered as an Order of this Court this  14th  day of December, 2018.

By Order,

_____/s/_____
Clerk

---

[3]      The Consent Order which Christopher appeals is an interlocutory order "relating to the modification of * * * child support" and would only be properly before this Court by way of petition for certiorari. *Africano v. Castelli*, 837 A.2d 721, 729 (R.I. 2003) (internal quotation marks omitted); *see* G.L. 1956 § 14-1-52(b).

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Tammy Lombardi v. Christopher Lombardi. | |
| **Case Number** | No. 2017-218-Appeal. (P 15-1203) | |
| **Date Order Filed** | December 14, 2018 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Family Court | |
| **Judicial Officer From Lower Court** | Associate Justice Patricia K. Asquith | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Colleen M. Crudele, Esq. | |
| | For Defendant:<br><br>Christopher Lombardi, Pro Se | |