**Supreme Court**
No. 2022-104-Appeal.
(WC 21-311)

Richard Manfredi        :

v.        :

Robert Craven, Administrator of the   :
Estate of Viola Manfredi, et al.

### O R D E R

This case came before the Supreme Court for oral argument on February 22, 2023, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Richard Manfredi (Richard), appeals from a Superior Court order denying his complaint for partition to sell the entirety of the subject property, granting the defendant, Cosmo Manfredi's (Cosmo) counterclaim for partition, and appointing Robert Craven, Administrator of the Estate of Viola Manfredi (Craven), as commissioner to partition the property by metes and bounds.[1] On appeal, Richard asserts that the trial justice erred in: (1) failing to partition all of the properties inherited by the parties; (2) excluding certain testimony; and (3) her factual findings regarding the plot map. After considering the parties' written and oral submissions and carefully reviewing

---

[1] The Manfredis are brothers. Throughout this order, we will refer to them by their first name for sake of clarity. No disrespect is intended.

the record, we are satisfied that cause has not been shown. For the reasons set forth herein, we dismiss Richard's appeal and remand this action to the Superior Court.

In July 2021, Richard brought the instant action for partition against Craven, as Administrator of the Estate of Viola Manfredi, and his brothers, Cosmo and Joseph Manfredi (Joseph). After hearing testimony relating to the subject property, a justice of the Superior Court entered an order denying Richard's complaint for partition to sell the entire property, granting Cosmo's counterclaim for partition, and appointing Craven commissioner pursuant to G.L. 1956 § 34-15-24 to partition the property by metes and bounds. No final judgment has entered as the order does not resolve the entirety of the dispute between the parties. In the order assigning this case to the show-cause calendar, we directed the parties to address whether this appeal should be dismissed as interlocutory. The parties, however, elected not to file supplemental statements addressing this question.

It is well settled that appeals from interlocutory orders are not permitted unless they fall within two well-defined exceptions. *DeMaria v. Sabetta*, 121 R.I. 648, 649, 402 A.2d 738, 739 (1979). The first allows an appeal from an interlocutory order that grants or continues an injunction, appoints a receiver, or orders a sale of real or personal property. G.L. 1956 § 9-24-7. The second, first announced in *McAuslan v. McAuslan*, 34 R.I. 462, 83 A. 837 (1912), permits appellate review of an "order or decree which, although in a strict sense interlocutory, does possess such an element

of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm." *Town of Lincoln v. Cournoyer*, 118 R.I. 644, 648, 375 A.2d 410, 412-13 (1977). The matter before us does not fall under either of these exceptions.

This Court stated, almost a century ago, that "[a] decree in a partition suit, appointing a commissioner to partition land by metes and bounds does not conform with [the] definition of a final decree" as set forth in *McAuslan*. *Whipple v. Wales*, 46 R.I. 81, 81, 125 A. 81, 81 (1924). The order before us requires further action by Craven to divide the property by metes and bounds and then report such action to the Superior Court for entry of a final decree. Additionally, all of the estate property that is subject to the dispute must be addressed in the final judgment. Therefore, it is plainly interlocutory and not properly before us.

Because this Court is mindful of the toll that litigation of this nature can take on the parties, particularly on a familial relationship, we encourage the parties to pursue settlement. *See Skaling v. Aetna Insurance Company*, 799 A.2d 997, 1012 (R.I. 2002).

Accordingly, the instant appeal is denied and dismissed. The papers in this case may be remanded to the Superior Court.

Entered as an Order of this Court this  5 th day of  April , 2023.

By Order,

/s/ Debra A. Saunders, Clerk
_____

Clerk

- 4 -



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

### ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Richard Manfredi v. Robert Craven, Administrator of the Estate of Viola Manfredi, et al. | |
| **Case Number** | No. 2022-104-Appeal.<br>(WC 21-311) | |
| **Date Order Filed** | April 5, 2023 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Raymond T. Trebisacci, Esq. | |
| | For Defendants:<br><br>Robert E. Craven, Esq.<br>Steven H. Surdut, Esq. | |

SU-CMS-02B (revised November 2022)