December 11, 2024

**Supreme Court**

No. 2023-93-Appeal.
No. 2023-94-Appeal.
No. 2023-95-Appeal.
No. 2023-96-Appeal.
(WC 21-216)

Peter Karasuk et al.                    :

v.                    :

Sandra Karasuk Puchalski.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2023-93-Appeal.
No. 2023-94-Appeal.
No. 2023-95-Appeal.
No. 2023-96-Appeal.
(WC 21-216)

Peter Karasuk et al.          :

v.                            :

Sandra Karasuk Puchalski.     :


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

# O P I N I O N

**Justice Lynch Prata, for the Court.**  In this partition action, the defendant, Sandra Karasuk Puchalski (Puchalski or defendant), appeals *pro se* from orders dismissing her prior appeals, approving the commissioner's petition for instructions, and quashing a statement she filed in the Town of Charlestown Land Evidence Records.  These consolidated appeals came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After reviewing the written and oral submissions of the parties and examining the record, we are of the opinion that cause has not been shown, and we proceed to decide the appeals at this time without further

- 1 -

briefing or argument. For the reasons set forth herein, we affirm the orders of the Superior Court.

## Facts and Travel

This case concerns the partition of two properties located in Charlestown, Rhode Island, identified as 2195 and 2231 Matunuck School House Road (the properties), which are currently owned by Peter Karasuk, Lee Karasuk Ingley, and Puchalski as joint tenants with a right of survivorship. The parties to this action are siblings who inherited the properties from their mother's estate in 2017. After initial attempts to negotiate a sale of the properties to Puchalski failed, Karasuk and Ingley (collectively, plaintiffs) filed the instant partition action on May 3, 2021.

On February 21, 2022, plaintiffs filed a motion to order the sale of the properties. The defendant objected to plaintiffs' motion and thereafter, numerous continuances were granted for a variety of reasons, including complaints of hearing impairment on the part of defendant. The defendant first complained about having hearing issues on August 30, 2022, and, despite being afforded an audio headset and a Communication Access Realtime Translation (CART)[1] reporter for the subsequent hearing, she expressed dissatisfaction with the court-provided accommodations.

_____

[1] A CART reporter uses a stenography machine to convert spoken words into text in real time for people who are deaf or hearing-impaired. *Captioning Services (CART)*, Rhode Island Commission on the Deaf and Hard of Hearing, cdhh.ri.gov/interpreter-and-cart-services/asl-services/cart.php (last visited Dec. 4, 2024).

The hearing justice directed defendant to fill out an Americans with Disabilities Act accommodation request form and scheduled the next hearing for October 6, 2022.

At that hearing, defendant stated that she did not yet have her hearing aids and could only hear out of her right ear with the court-provided headset. She indicated that she had an appointment in approximately two weeks to get her hearing aids and requested that the matter be continued until after that appointment. The hearing justice agreed to grant defendant one additional continuance and scheduled the matter for November 18, 2022. In light of this continuance, plaintiffs noted that property taxes on the properties were due before the next hearing and orally moved for an order requiring each owner to pay an equal share of the taxes. The hearing justice granted plaintiffs' request and informed defendant that she had to pay one-third of the property taxes. On October 19, 2022, an order was entered to that effect. The defendant filed a notice of appeal from that order on November 1, 2022 (Appeal A). In response, plaintiffs moved to dismiss defendant's appeal and later filed a motion to adjudge defendant in contempt for failure to pay her share of the taxes.

The defendant then failed to appear at the November 18, 2022 hearing. In her absence, plaintiffs pursued their motion to dismiss Appeal A, arguing that the appeal was interlocutory and that defendant had not filled out the notice of appeal form correctly. The hearing justice granted plaintiffs' motion to dismiss and continued

the partition hearing to December 16, 2022. The hearing justice noted that there would be no further continuances.

On November 30, 2022, the Superior Court entered two separate orders: (1) dismissing defendant's appeal of the October 19, 2022 order; and (2) continuing plaintiffs' petition to sell the properties to December 16, 2022. On December 12, 2022, defendant filed a notice of appeal from both of those orders (Appeal B). The plaintiffs filed a motion to dismiss this appeal.

On December 16, 2022, defendant again failed to appear at the partition hearing. At the start of the hearing, the hearing justice noted that defendant had contacted the Clerk's Office indicating that she would not be in attendance. In defendant's absence, plaintiffs first proceeded with their motion to adjudge defendant in contempt for failing to pay one-third of the taxes due on the properties. The hearing justice granted that motion and scheduled the matter for a show-cause hearing on January 27, 2023. The hearing justice next considered plaintiffs' petition to sell the properties. After receiving testimony from Peter Karasuk and land use expert Edward Pimentel,[2] the hearing justice granted the petition to sell the properties and appointed John Mancini, Esquire, as commissioner to effectuate the sale. The hearing justice also granted plaintiffs' motion for a temporary restraining

---

[2] Pimentel testified that subdividing the properties into three parcels that would comport with the requisite dimensional criteria of the zoning regulations was not possible, so partition by sale was the only viable option.

order to restrain and enjoin defendant from entering the properties during the sale proceedings.[3]

As a result of that hearing, the Superior Court entered three orders on January 4, 2023: (1) adjudging defendant in contempt of the October 19, 2022 order and directing her to appear on January 27, 2023, to show cause why she should not be held in contempt; (2) granting the motion for an order to sell the properties and appointing Attorney Mancini as commissioner; and (3) granting plaintiffs' motion for a temporary restraining order enjoining defendant from entering the properties. On January 6, 2023, defendant filed a notice of appeal from those orders, appealing all three orders through one notice of appeal (Appeal C). The plaintiffs thereafter filed a motion to dismiss Appeal C and a motion to quash a statement that defendant had recorded in the Charlestown Land Evidence Records.

On February 3, 2023, the hearing justice heard plaintiffs' motion to quash. The plaintiffs argued that the statement filed by defendant was akin to a *lis pendens* that did not dispute the title to the property and therefore should be quashed. The motion was granted. In addition, the hearing justice decided that both of plaintiffs' pending motions to dismiss defendant's appeals would be heard on February 10,

---

[3] After first determining that defendant did not live on the properties, the hearing justice granted the temporary restraining order based on allegations that defendant had threatened to shoot anyone who entered the properties. Additionally, there were concerns that she might try to prevent the partition sale from moving forward.

2023. She noted on the record that defendant, who was then present, had notice of the hearing on those motions. Next, the commissioner stated that he would be filing a petition for instructions in order to get permission to engage a title examiner and appraiser for the properties. The petition for instructions was scheduled for hearing on February 10, 2023, as well. The commissioner asked defendant for her street address so that he could send the petition to her by certified mail, but defendant refused to provide her address and insisted that notice should go to her post office box. The defendant expressed no objection to the matters being scheduled for February 10, 2023. Also on February 3, 2023, defendant filed a motion for a stay pending her appeals to this Court. A hearing on that motion was scheduled for February 17, 2023.

At the hearing on February 10, the hearing justice first considered plaintiffs' motions to dismiss Appeal B and Appeal C. The defendant argued that her appeals should not be dismissed because the transcripts were not ready yet and she had not received timely notice of plaintiffs' motions to dismiss. The hearing justice rejected defendant's contentions, noting that she was often dilatory in receiving mail from her post office box and was playing games with the notice issue. With that, the hearing justice granted the motions to dismiss.[4] The hearing justice then considered

---

[4] Although the hearing justice did not provide a detailed analysis, she dismissed both Appeal B and Appeal C.

the commissioner's petition for instructions. The defendant objected, indicating that she had not received sufficient notice of the petition. In response, the commissioner explained that he sent notice to defendant via her post office box and had informed the parties, on the record, of his petition at the prior hearing on February 3, 2023. Accordingly, the hearing justice granted the request for the appointment of a title examiner and an appraiser. Next, the hearing justice vacated the hearing on defendant's motion for a stay. She indicated that there would be no stay in light of the dismissal of defendant's appeals. On that same date, the hearing justice entered an order quashing defendant's statement in the land evidence records. The defendant filed a notice of appeal from that order on February 10, 2023 (Appeal D).

On February 16, 2023, an order authorizing the commissioner to appoint a title examiner and an appraiser for the properties was entered. The defendant filed a notice of appeal from that order on March 2, 2023 (Appeal E). Subsequently, orders were entered dismissing defendant's Appeal B and Appeal C. On March 10, 2023, defendant filed a notice of appeal from the dismissal of Appeal C (Appeal F). On that same date, defendant filed a separate notice of appeal from the dismissal of Appeal B (Appeal G). On October 16, 2023, defendant's appeals were consolidated by order of this Court. Now before this Court are Appeals D, E, F, and G.

**Standard of Review**

"A judgment in a nonjury case will be reversed on appeal when it can be shown that the trial justice misapplied the law, misconceived or overlooked material evidence or made factual findings that were clearly wrong." *Allen v. Sitrin*, 315 A.3d 288, 292 (R.I. 2024) (quoting *Quillen v. Cox*, 306 A.3d 1040, 1045 (R.I. 2024)). "Upon review, we accord the factual findings of a trial justice sitting without a jury great deference and consider questions of law *de novo*." *Id*. (quoting *Quillen*, 306 A.3d at 1045).

"In reviewing a trial court's dismissal of an appeal, we shall reverse the trial court's decision 'only upon a finding that the motion justice abused his or her discretion.'" *Pelosi v. Pelosi*, 50 A.3d 795, 798 (R.I. 2012) (quoting *Small Business Loan Fund Corp. v. Gallant*, 795 A.2d 531, 532 (R.I. 2002)).

**Analysis**

In each of these consolidated appeals, defendant contends that she did not receive adequate notice of the motions underlying her appeals. The plaintiffs maintain that defendant received sufficient notice of the pertinent motions in each instance. Additionally, plaintiffs assert that all of defendant's appeals should be denied on procedural grounds.

## Appeal D

We first address defendant's appeal from the order quashing the statement she had filed in the Charlestown Land Evidence Records. At the outset, it must be noted that defendant's due-process argument is unavailing as plaintiffs served her with their motion to quash and notice of the February 3, 2023 hearing date both via first-class mail and certified mail to her post office box on January 23, 2023. *See* Super. R. Civ. P. 6(c) ("A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than ten days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court."). Further, no final judgment has entered in the underlying partition action as the commissioner has yet to effectuate sale of the subject properties. As such, the order granting plaintiffs' motion to quash is interlocutory. *See Simpson v. Vose*, 702 A.2d 1176, 1177 (R.I. 1997) (mem.) (defining "[i]nterlocutory orders" as "those that are provisional or temporary, or that decide some intermediate point or matter but are not a final decision of the whole matter").

"It is well settled that appeals from interlocutory orders are not permitted unless they fall within two well-defined exceptions." *Manfredi v. Craven*, 290 A.3d 778, 778 (R.I. 2023) (mem.). The first exception is statutorily created and permits an appeal from an interlocutory order that grants or continues an injunction, or appoints a receiver, or orders a sale of real or personal property. General Laws 1956

- 9 -

§ 9-24-7. The second exception, established in *McAuslan v. McAuslan*, 34 R.I. 462, 83 A. 837 (1912), allows an appeal from an "order or decree which, although in a strict sense interlocutory, does possess such an element of finality that action is called for before the case is finally terminated in order to prevent clearly imminent and irreparable harm." *Manfredi*, 290 A.3d at 778 (quoting *Town of Lincoln v. Cournoyer*, 118 R.I. 644, 648, 375 A.2d 410, 412-13 (1977)). The instant order does not fit within either exception.

Although the order is interlocutory, we discern no error in the hearing justice's decision to quash defendant's statement. The hearing justice determined, and we agree, that defendant's statement was, in effect, a *lis pendens* that did not dispute title to the properties.[5] "The effect of a lis pendens is to place a prospective purchaser on notice that a suit is pending in which title to the property is involved." *Northern Rhode Island Golf Investors, Inc. v. Steere Farm Associates, G.P.*, 725 A.2d 890, 891 (R.I. 1998) (mem.). "However, when a complaint does not raise a genuine dispute as to title, a notice of lis pendens is not appropriate." *Id.* Here, defendant admitted at the hearing on plaintiffs' motion to quash that there was no dispute as to title of the properties. Accordingly, the hearing justice appropriately quashed defendant's statement.

---

[5] "The term 'lis pendens' literally means litigation or suit pending * * *." *George v. Oakhurst Realty, Inc.*, 414 A.2d 471, 474 (R.I. 1980).

- 10 -

**Appeal E**

We next address defendant's appeal from the order granting the commissioner's petition for instructions. Notably, defendant was present in court when this matter was scheduled on the record and raised no objection. Therefore, any argument of lack of notice is deemed waived. *See Cronan v. Cronan*, 307 A.3d 183, 192-93 (R.I. 2024) ("According to this Court's well settled raise-or-waive rule, issues not properly presented before the trial court may not be raised for the first time on appeal.") (quoting *Donnelly Real Estate, LLC v. John Crane Inc.*, 291 A.3d 987, 994 (R.I. 2023)).

Additionally, this appeal is interlocutory as the order appealed from did not effect a final resolution of the Superior Court action. Rather, the order merely authorized the commissioner to engage a title examiner and an appraiser for the properties. "This Court stated, almost a century ago, that 'a decree in a partition suit, appointing a commissioner to partition land by metes and bounds does not conform with the definition of a final decree[.]'" *Manfredi*, 290 A.3d at 779 (brackets omitted) (quoting *Whipple v. Wales*, 46 R.I. 81, 81, 125 A. 81, 81 (1924)). The same holds true for an order authorizing a commissioner to take incremental steps towards an eventual partition sale. The commissioner must actually effectuate the sale before a final judgment may enter. To that end, the order granting the petition for

instructions is not subject to review as it does not fall within the statutory exception, or the so called *McAuslan* exception, to the final-judgment rule. *See id*.

**Appeal F**

Next, we turn to defendant's appeal from the order dismissing Appeal C, the appeal of the three orders that were entered on January 4, 2023. Again, defendant's argument that she did not have notice of the motion to dismiss or the hearing thereof is wholly without merit. On January 30, 2023, plaintiffs served defendant with their motion to dismiss Appeal C and notice of the February 10, 2023 hearing date both via first-class mail and certified mail to her post office box. Moreover, although the hearing justice dismissed Appeal C without stating a specific basis for dismissal, "we note that 'this Court can affirm the Superior Court's judgment on grounds other than those relied upon by the trial justice.'" *Zanni v. Town of Johnston*, 224 A.3d 461, 464 (R.I. 2020) (quoting *Berman v. Sitrin*, 991 A.2d 1038, 1043 (R.I. 2010)).

In that vein, two of the orders entered on January 4, 2023, are unappealable interlocutory orders. First, with respect to the temporary restraining order enjoining defendant from entering the properties, we have previously noted "that a temporary restraining order is not usually appealable." *City of Woonsocket v. Forte Brothers, Inc.*, 642 A.2d 1158, 1159 (R.I. 1994) (citing 1 Kent, *R.I. Civ. Prac.* § 65.5 at 477 (1969)). In *Forte Brothers, Inc.*, we allowed an appeal from the issuance of a temporary restraining order to proceed under § 9-24-7 where there was an

"agreement of the parties to treat the hearing as if a preliminary injunction had been issued * * *." *Id.* However, there has been no such agreement in the instant case. Additionally, the order adjudging defendant in civil contempt lacks finality because it sets a future hearing for defendant to show cause why she should not be adjudged in contempt. As such, neither the temporary restraining order nor the contempt order is subject to review because they do not fall within either of the exceptions to the final-judgment rule. *See McAuslan*, 34 R.I. at 472, 83 A. at 841.

The last order appealed from that date granted plaintiffs' motion for an order to sell the properties. Generally, such an order would be appealable under § 9-24-7 because it ordered the sale of real property. However, in this instance, defendant waived her right to contest the property sale when she willfully and deliberately failed to appear at the December 16, 2022 hearing. We have been clear that a party who intentionally decides not to attend a hearing cannot later contest the issues decided at that hearing. *See Ashness v. Tonev*, 620 A.2d 97, 98 (R.I. 1993) (mem.) ("[The defendant's] failure to appear was not excusable and therefore the appeal is denied and dismissed."). Accordingly, we affirm the hearing justice's dismissal of Appeal C.

## Appeal G

Lastly, we address defendant's appeal from the order dismissing Appeal B— her appeal of the two orders that were entered on November 30, 2022—and vacating

- 13 -

the hearing that had been set to consider her motion for a stay. As discussed *supra*, defendant received sufficient notice of the motion to dismiss Appeal B in open court on February 3, 2023. However, as with Appeal C, the hearing justice dismissed Appeal B on February 10, 2023, without stating a specific basis for dismissal. Nevertheless, a careful review of the record has revealed that dismissal of Appeal B was appropriate.

The first order entered on November 30, 2022, dismissed Appeal A, which was the defendant's appeal from the October 19, 2022 order directing her to pay an equal share of the property taxes. The defendant waived her right to challenge the dismissal of Appeal A when she chose not to appear at the November 18, 2022 hearing on the plaintiffs' motion to dismiss. *See Ashness*, 620 A.2d at 98. The defendant's failure to appear was not excusable as she neglected to articulate any cognizable explanation for her absence. The second order entered on November 30, 2022, merely continued pending matters to December 16, 2022; thus it is moot. Finally, the order vacating the hearing on the defendant's motion to stay is also moot, as the defendant was seeking a stay solely to pursue appeals that had been dismissed. In light of the foregoing, we affirm both the hearing justice's dismissal of Appeal B and the part of the order vacating the hearing on the defendant's motion to stay. While we recognize that the defendant has an emotional attachment to this property,

continued attempts to stall the proceeding are only delaying the inevitable. It is in the best interest of all parties that this matter proceed to finality.

## Conclusion

For the reasons stated herein, we affirm the orders of the Superior Court. The papers in this case may be remanded to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Peter Karasuk et al. v. Sandra Karasuk Puchalski. |
| **Case Number** | No. 2023-93-Appeal.<br>No. 2023-94-Appeal.<br>No. 2023-95-Appeal.<br>No. 2023-96-Appeal.<br><br>(WC 21-216) |
| **Date Opinion Filed** | December 11, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Alison Marie Plunkett, Esq.<br>John Oreste Mancini, Esq. |
| | For Defendant:<br><br>Sandra Karasuk Puchalski, *pro se* |